UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ANNA DOE, Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE RICHARD HALL,
DETECTIVE EDDIE MARTINS, SARGENT JOHN
ESPEY, OFFICER GREG MARKOV and JOHN DOE
OFFICERS 1-8, Defendants.

**NOTICE OF REMOVAL**

Docket
18-CV-670

ECF Case

Kings County
Index No.: 500200/2018

-------------------------------------------------------------------------x

        Petitioner-defendant [hereinafter "defendant"], the City of New York, (sued

herein as the City of New York and the New York City Police Department), by its attorney,

Zachary A. Carter, Corporation Counsel of the City of New York, upon information and belief,

respectfully petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b) as

follows:

        1.      On or about January 4, 2018, plaintiff Anna Doe commenced the above-captioned

civil action which is currently pending in the Supreme Court of the State of New York, Kings

County, under Index No. 500200/2018, and of which a trial has not yet been had.  A copy of the

summons and complaint is annexed hereto as Exhibit A.

        2.      On or about January 9, 2018, defendant City of New York received service of a

copy of plaintiff's summons and complaint.

        3.      On or about January 23, 2018, defendant City of New York served its Answer. A

copy of the City's answer is annexed hereto as Exhibit B.

        4.      Upon information and belief, defendants Detective Richard Hall, Detective Eddie

Martins, Sargent John Espey and Officer Greg Markov have not been served.

5.      To date affidavits of service for Detective Richard Hall, Detective Eddie Martins, Sargent John Espey, and Officer Greg Markov, have not been filed.

6.      The complaint alleges that on or about September 15, 2017, plaintiff was falsely arrested, assaulted and raped by Detective Richard Hall and Detective Eddie Martin. See, ¶¶ 7-12 of Exhibit A.

7.      Plaintiff further alleges that later in the evening of September 15, 2017, while in the hospital, Officer Greg Markov allegedly intimidated plaintiff in an attempt to convince her to say the police were not involved in the sexual assault. See, ¶ 18 of Exhibit A. Also, plaintiff alleges that the defendants were negligent in their hiring, training, supervision and retention of the named defendants.

8.      As a result of this alleged misconduct by defendants, plaintiff now seeks to hold defendants liable for deprivations of her civil rights pursuant to 42 U.S.C. 1983, and the 4th, 8th and 14th amendments, ¶ 21 of Exhibit A.

9.      Accordingly, this is a civil action which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441.  See, Pastures v. Allied Barton Sec. Servs., 2011 U.S. Dist. LEXIS 151782 (S.D.N.Y. 2011) (district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States).

10.     Furthermore, since all state law claims arise out of a common nucleus of operative facts, namely, the alleged police misconduct involved during plaintiff's assault and arrest, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of supplemental jurisdiction is appropriate.  See, 28 U.S.C. §1367(a). See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.

2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were linked by the hostility of Union officials towards appellees' assertion of their §101 rights); see also, Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

11.     This notice of removal is timely filed within thirty (30) days from the time defendant-petitioner received a copy of the plaintiff's summons and complaint. See, Exhibit A; See also, 28 U.S.C. §1446(b)(2)(B).

12.     Pursuant to 28 U.S.C. §1446(a), attached to this notice are true and correct copies of all known process, pleadings, and orders served upon defendant in this action.

13.     By filing this notice of removal, the petitioner does not waive any defense which may be available to it.

14.     Although 28 U.S.C. §1446(b) further provides that where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper, which is otherwise known as the rule of unanimity, exceptions are recognized, one of which permits a removing defendant to forego securing the consent of any co-defendant who has not been served with process at the time the removal petition is filed, and upon information and belief, co-defendants, Detective Richard Hall, Detective Eddie Martin, Sargent John Espey, and Officer Greg Markov have not been served with a copy of the pleadings at the time the removal petition is filed, and consequently, as the state court has yet to acquire jurisdiction over these co-defendants their consent to this removal is not required. Pacific Westeel Rackingm. Inc. v. Evanston Ins. Co., 2008 U.S. Dist. LEXIS 11053, 11055 (S.D.N.Y. 2008) (one exception to the rule of unanimity is where the non-

joining defendants have not been served with service of process at the time the removal petition is filed).

15.     In the context of removal under 23 U.S.C. §1441(a), the requirement of the rule of unanimity does not extend to unserved, let alone unidentified co-defendants P.O. John Does #1-5. Varela v. Flintock Constr., Inc., 148 F. Supp. 2d 297 (S.D.N.Y. 2001); see also, Bowen v. Home Depot, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001).

**WHEREFORE**, defendant the City of New York respectfully requests that the action now pending before Supreme Court of the State of New York, Kings County, be removed to the United States District Court for the Eastern District of New York. Should the Court deem it necessary to obtain a stipulation of consent, to allow for an extension of sixty days to amend this notice of removal.


Dated: New York, New York
        January 30, 2018

                                    Zachary W. Carter
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendant-Petitioner
                                    CITY OF NEW YORK
                                    100 Church Street New York, New York 10007
                                    (212) 356-3148
                                    cneustei@law.nyc.gov

                        By: _____
                                    Cathy J. Neustein
                                    Senior Counsel