# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x

ANNA DOE,

          Plaintiff,

   -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE RICHARD HALL,
DETECTIVE EDDIE MARTINS, SERGEANT JOHN
ESPEY, OFFICER GREG MARKOV and JON DOES
OFFICERS 1-8,

          Defendants.

------------------------------------------------------------------------x

**ANSWER**

Index #: 500200/2018

Law Dept. #: 2017-073232

  Defendant THE CITY OF NEW YORK, sued herein as The City of New York and New York City Police Department, by ZACHARY W. CARTER, Corporation Counsel, answering the complaint, allege upon information and belief:

  1.  Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph 1, inclusive.

  2.  Denies each allegation set forth in paragraphs 2 and 3, except that the City of New York is a municipal corporation which maintains a Police Department pursuant to law.

  3.  Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraphs 4 and 5.

  4.  Denies each allegation set forth in paragraph 6, except that with respect to those portions of the streets, roadways and appurtenances referred to in the complaint which were or may have been owned by the City of New York, defendant had such duties as were imposed by law.

5. Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraphs 7-12.

6. Denies the allegations set forth in paragraph 13, inclusive, except that a notice of a claim was presented and that more than thirty days have elapsed without adjustment thereof.

7. Denies each allegation set forth in paragraphs 14-16, so far as the same may refer to the defendant answering hereby.

8. For its answer to paragraph 17 of the complaint, repeats and realleges its answers to paragraphs 1-16, inclusive, as though fully set forth at length herein.

9. Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph 18.

10. Denies each allegation set forth in paragraph 19, so far as the same may refer to the defendant answering hereby.

11. For its answer to paragraph 20 of the complaint, repeats and realleges its answers to paragraphs 1-19, inclusive, as though fully set forth at length herein.

12. Denies each allegation set forth in paragraphs 21-23 inclusive, so far as the same may refer to the defendant answering hereby.

13. For its answer to paragraph 24 of the complaint, repeats and realleges its answers to paragraphs 1-23, inclusive, as though fully set forth at length herein.

14. Denies each allegation set forth in paragraphs 25 and 26, inclusive.

**AFFIRMATIVE DEFENSES**

15. Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

16. The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

17. If plaintiff demonstrates that the acts complained of were undertaken in the scope of the actor(s) employment, then such acts as may have been committed by law enforcement officers in the employ of the City of New York were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the exercise of professional judgment or the performance of discretionary functions for which defendants are qualifiedly privileged under the laws of this State and of the United States. Individual defendants represented by the office of the Corporation Counsel (if any) did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

18. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

19. Plaintiff's complaint fails to allege a prima facie case against the defendant answering hereby.

**WHEREFORE**, defendant demands judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

ZACHARY W. CARTER  
Corporation Counsel  
100 Church Street  
New York, New York 10007

## **V E R I F I C A T I O N**

Elizabeth Gallay, an attorney duly admitted to practice law in the Courts of the State of New York and designated as acting Corporation Counsel of the City of New York, attorney for defendant, The City of New York, (s/h/a the City of New York and New York City Police Department), in the above entitled action, affirms the following statements to be true under the penalty of perjury pursuant to Rule 2106 CPLR:

That she has read the foregoing ANSWER and knows the contents thereof; that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

Affiant further says that the source of her information and the grounds of her belief are derived from the files, books and records maintained in the normal course of business of the Law Department and other departments of the City government and from statements made to her by officers or agents of the City of New York.

Dated:   New York, New York
         January 22, 2018

_____
Elizabeth Gallay

## AFFIRMATION OF SERVICE

**STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:**

Cathy J. Neustein, an attorney admitted to practice in the Courts of New York State shows: that (s)he is employed in the Office of the Corporation Counsel of the City of New York and affirms this statement to be true under the penalties of perjury, pursuant to Rule 2106 CPLR:

That on the 23rd day of January, 2018, she served the annexed ANSWER

Upon

MICHAEL N. DAVID, ESQ.
Attorney for Plaintiff
44 Wall Street, 12th Floor
New York, NY 10005

being the address within the State therefore designated by him for that purpose, by depositing a copy of the same, enclosed in a prepaid wrapper in a post office box in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City designated for that purpose.

Dated:     New York, New York
           January 23, 2018

_____
CATHY J. NEUSTEIN

Index #: 5002000/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ANNA POLEVAYA,

Plaintiff(s),

- against -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE RICHARD HALL, DETECTIVE EDDIE
MARTINS, SERGEANT JOHN ESPEY AND OFFICER GREG
MARKOV,

Defendant(s).

# ANSWER

ZACHARY W. CARTER
Corporation Counsel
Attorney for Defendant THE CITY OF NEW YORK,
100 Church Street
New York, New York 10007

Please refer to the following Law Dept. #: **2017-073232**