```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANNA DOE,

                    Plaintiff,         Docket# 1:18-cv-00670
                                          AMENDED
                                          VERIFIED COMPLAINT
        -against-
                                          TRIAL BY JURY
                                          DEMANDED

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE RICHARD HALL, DETECTIVE
EDDIE MARTINS,SARGENT JOHN ESPEY and OFFICER
GREG MARKOV and JOHN DOE OFFICERS 1-8

                    Defendants.
----------------------------------------X
```

Plaintiff, by Michael N. David, her attorney, complaining of the defendants herein, alleges and respectfully shows to this Court, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, the plaintiff, was and still is a resident of the County of KINGS and State of New York.

2. That this action has been removed to this Court pursuant to 28 U.S,C. 1331, 1367(a),1441(a) and 1446(b).

3. That at all times hereinafter mentioned the defendant, THE CITY OF NEW YORK, was and still is a Municipal Corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, the defendant, THE NEW YORK CITY POLICE DEPARTMENT, is a department, division and governmental sub-unit of the aforesaid municipal corporation, the defendant, THE CITY OF NEW YORK.

5. That the DETECTIVE RICHARD HALL and DETECTIVE EDDIE MARTINS were under the supervision of SARGENT JOHN ESPEY while involved in a buy and bust undercover narcotics

operation when they suddenly left and parked their undercover van in Calvert Vaux Park, Brooklyn, New York.

6. That at all times hereinafter mentioned, the plaintiff, ANNA DOE, was lawfully operating a motor vehicle.

7. That at all times hereinafter mentioned, the roadway in Calvert Vaux Park in the Borough of Brooklyn, County of Kings, City and State of New York is a public thoroughfare in common use by motorists traveling thereon.

8. That on or about September 15, 2017 at or about 8:00 p.m. the plaintiff was proceeding at or about the roadway in Calvert Vaux Park in the Borough of Brooklyn, County of Kings, City and State of New York when, the defendants, **DETECTIVE RICHARD HALL and DETECTIVE EDDIE MARTINS**, without just cause or provocation falsely imprisoned, unlawfully detained, unlawfully searched, forced the plaintiff to expose her chest, assaulted, battered, handcuffed, interrogated, falsely arrested and taken the plaintiff into custody in an unmarked dodge van.

9. The defendants **DETECTIVE RICHARD HALL and DETECTIVE EDDIE MARTINS** then drove the plaintiff and parked at the Chipotle, 2940 Cropsey Ave, Brooklyn, NY where they began to expose themselves, sexually assault and rape the plaintiff.

10. That defendants **DETECTIVE RICHARD HALL and DETECTIVE EDDIE MARTINS** then drove to Bay Ridge and other parts of Brooklyn where they continued the sexual assault and rape of the plaintiff.

11. The plaintiff was then dropped off near the 60th precint, Brooklyn, New York without charging the plaintiff for any crime.

12. That the defendants lacked all probable cause for arresting, handcuffing, assaulting, battering, imprisoning, detaining, searching and interrogating the plaintiff.

13. That in arresting, handcuffing ,assaulting, battering, unlawfully detaining, falsely imprisoning, sexually assaulting and raping the plaintiff the defendants acted maliciously, wantonly, recklessly and in grossly negligent disregard of the plaintiff's rights.

14. The plaintiff has complied with all the conditions precedent to the bringing of this action against

THE CITY OF NEW YORK and has complied with the provisions of the statutes in such cases made and provided and, in particular, has presented the claim herein before set forth to the Comptroller of THE CITY OF NEW YORK for adjustment, and more than thirty (30) days have elapsed since the presentation of said claim, and said claim remains unadjusted, and said Comptroller has failed and refused to make any adjustment of said claim, and this plaintiff has, prior to (90) days after claim herein arose, duly served notice upon the Comptroller of the City of New York, of intention to sue upon said claim herein before set forth; and that this action has been commenced within one year and ninety days after the claim herein arose.

15. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

16. That as a result of the aforementioned the plaintiff, ANNA DOE, was subjected to bodily harm, extreme emotional distress and mental anguish, public humiliation, ridicule and scorn, severe injury to her reputation, loss of dignity, loss of her liberty, violation of her civil rights, placed in grave fear of her safety and life and lost time from her everyday pursuits.

17. The amount of damages sought in this action against the defendants, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION**

18. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked 1 to 15 inclusive, with the same force and effect as if fully set forth herein.

19. Plaintiff later that night went to the Maimonides Hospital ER where she was intimidated and bullied by defendant Officer Greg Markov and defendant JOHN DOE OFFICERS 1-8 in an attempt to convince her to say the police were not involved in the sexual assault.
15. That as a result of the aforementioned the plaintiff, ANNA DOE, was subjected to bodily harm, extreme emotional distress and mental anguish, public humiliation, ridicule and scorn, severe injury to her reputation, loss of dignity, loss of her liberty, violation of her civil rights, placed in grave fear of her safety and life and lost time from her everyday pursuits.

20. The amount of damages sought in this action against the defendants, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION**

21. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked 1 to 18 inclusive, with the same force and effect as if fully set forth herein.

22. That as a result of the aforementioned the defendants were in violation of 42 USC 1983, the 4th, 8th and 14th amendments.

23. That as a result of the aforesaid the defendants are liable for attorney fees and punitive damages.

24. The amount of damages sought in this action against the defendants, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION**

25. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked 1 to 22 inclusive, with the same force and effect as if fully set forth herein.

26. That the defendants were negligent in their actions and in the hiring, training, supervision and retention of the aforesaid defendant detectives and officers.

27. The amount of damages sought in this action against the defendants, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants on all causes of action in an amount to be determined upon the trial of this action together with interest from September 15, 2017, and with the costs and disbursements of this action.

Yours etc.,
/S/Michael N. David
**MICHAEL N. DAVID**

```
                              Attorney for Plaintiff
                              44 Wall Street,12th Floor
                              New York, NY  10005
                              (212) 363-1997
```

**STATE OF NEW YORK  )**
                           )  ss:
**COUNTY OF NEW YORK )**

       I, the undersigned, an attorney admitted to practice in the Courts of New York State, affirm that the following statements are true, under the penalties of perjury.
       I am the attorney of record for the plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.
       The reason this verification is made by me and not by the plaintiff is that she does not reside in the county wherein deponent maintains his office.
       The grounds of my belief as to all matters not stated upon my knowledge are as follows: records in deponent's possession as well as conversation with plaintiff.

**Dated:  New York, New York**
        **March 7, 2018**                         /S/Michael N. David
                                                       -------------------
                                                       **Michael N. David**