*Patrick C. Carroll, Esq.*
Attorney & Counselor at Law
One Old Country Road, Suite 125
Carle Place, NY 11514
Ph. (516) 424-9102
Fx. (516) 342-5624

April 13, 2018

Via ECF Only
Honorable M.J. James Orenstein
Eastern District Federal Court
225 Cadman Plaza
Brooklyn, NY 11201

      Re:    Anna Doe vs. City of New York, Richard Hall, Eddie Martins, et. al.
             18-cv-670(ARR)(JO)

Dear Magistrate Orenstein:

     The undersigned is counsel for Defendants Richard Hall and Eddie Martins in the above captioned action. Pursuant to Your Honor's Individual Practice IV(A)(3) pertaining to non-dispositive motions on notice, this correspondence requests a Pre-Motion Conference as Defendants Hall and Martins intent to move this Court for an Order staying all discovery in this case pending resolution of the parallel criminal case now pending against them and an order similarly extending the time for these Defendants to answer the amended complaint until the conclusion of the criminal case. To the extent that our request overlaps with the stay of discovery requested by Defendant City of New York in its letter request for Pre-Motion conference dated April 10, 2018 [D.E. 16], the moving Defendants herein accept, support and consent to the City's request inasmuch as it seeks a stay of discovery and an extension of time to Answer the Amended Complaint.

     Your undersigned personally conferred with attorney for Plaintiff Michael N. David Esq. and Mr. David's position is that he will oppose the contemplated motion herein and that he wishes to proceed with the civil case.

     It is respectfully submitted that ample grounds exist for the stay of proceedings sought by Defendants given the gravity of the charges against them and the procedural posture of this case and the parallel criminal proceeding.

     As this Court is aware, the moving Defendants are accused of a myriad of criminal charges, the top charge being under New York PL 130.50(1) which is for 'criminal sexual act in the first degree, a 'B' Felony.

     The factors for granting the relief would be evaluated under six-factor test set forth by the Second Circuit in <u>Louis Vuitton Malletier v. LY USA, 676 F.3d 83 (2012).</u> First, the issues in

the criminal action overlap that of this civil action in their entirety. Second, the criminal case was brought on or about October 27, 2017 at which time the moving defendants were indicted. The next Court appearance in Kings Supreme Court is scheduled for June 28, 2018. There have been five appearances in Supreme Court since the arraignment. Upon information and belief, Justice Daniel Chun has directed that the criminal case proceed to trial by the end of this year. The trial is therefore reasonably imminent.

With respect to the third and fourth Vuitton factors, the 'interests of the Plaintiff' and the 'interests and burden on the Defendants': The burden on Defendants in having to defend this action with a pending criminal case are severe. As would be typical District Attorney practice, the full prosecution file including the notes of the multitude of officers to whom the Plaintiff spoke prior to and contemporaneous to her criminal complaint will not be discoverable until the criminal case concludes. This is notwithstanding anything that has not yet been disclosed, or will not be disclosed. Defendants ought be entitled to receive and evaluate this information and prepare their defense accordingly. This can only happen upon resolution of the criminal case.

An additional factor given the City of New York's request to engage in Rule 12 motion practice, Plaintiff will no doubt seek leave to amend her complaint should the Court find the Complaint insufficient. This issue alone may take several months to resolve fully. The posture of this case would dramatically change should Defendant City of New York be dismissed from this action and that period would easily justify a stay of proceedings. Also, any conviction in the parallel proceeding will have collateral affect on liability in this case.

Lastly, as per the Vuitton holding "There is considerable authority for the principle that a stay is most justified where a movant, like the defendants here, is already under indictment for a serious criminal offense and is required at the same tie to defend a civil action involving the same subject matter." Those circumstances are present here ad initio.

Defendants respectfully request that they be given leave of the Court to formally move for the relief sought herein.

Very Truly Yours,

Patrick C. Carroll, Esq.