UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNA DOE, | Docket No.1:18-cv-00670 (ARR) (JO) |
| *Plaintiff*, | |
| -*against*- | THIRD AMENDED COMPLAINT AND JURY DEMAND |
| THE CITY OF NEW YORK, DETECTIVE RICHARD HALL, DETECTIVE EDDIE MARTINS, SERGEANT JOHN ESPEY, OFFICER GREG MARKOV and JOHN DOE OFFICERS 1 TO 8, | |
| *Defendants*. | |

Plaintiff Anna Doe, by Michael N. David, her attorney, complaining of the defendants herein, alleges and respectfully shows to this Court, upon information and belief:

Jurisdiction and Venue

1. This action was originally filed in Supreme Court of the State of New York in and for the County of Kings.

2. This action was removed to this court by defendant the City of New York pursuant to 28 U.S.C. 331, 1367(a),1441(a) and 1446(b).

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

Parties

4. Plaintiff Anna Doe, a fictitious name used to protect the confidentiality of the plaintiff, is a natural person who at all times relevant hereto was and is a resident of the County of Kings, State of New York.

5. At all times relevant hereto, the defendant, the City of New York (hereinafter, "City"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. At all times relevant hereto, the New York City Police Department (hereinafter, "NYPD"), was a department, division, and governmental sub-unit of the defendant City.

7. At all times relevant hereto defendants Detective Eddie Martins (hereinafter, "Martins"), Detective Richard Hall (hereinafter, "Hall"), Sergeant John Espey (hereinafter, "Espey") and Officer Greg Markov (hereinafter, "Markov") were police officers in the employ of the NYPD and were acting within the scope of their said employment, and in furtherance of the business of the NYPD.

8. At all times relevant hereto defendants John Doe Officers 1 to 8 were police officers in the employ of the NYPD whose identity, is presently unknown to plaintiff, and were acting within the scope of their said employment, and in furtherance of the business of the NYPD.

9.  The NYPD, at all times relevant hereto, was a policy maker for the defendant City, within the meaning of Title 42 U.S.C. 1983, *et seq.*

Factual Allegations Common to All Claims

10.  At all times relevant hereto, the defendants Martins and Hall were under the supervision of defendant Espey, and assigned to the Brooklyn Narcotics South Unit of the NYPD.

11.  At all times relevant hereto, Calvert Vaux Park was a public park in the Borough of Brooklyn, County of Kings, City and State of New York.

12.  At all times relevant hereto, the roadways in Calvert Vaux Park were public thoroughfares in common use by motorists and pedestrians traveling thereon.

13.  On or about September 15, 2017, at or about 8:00 p.m., on a roadway in Calvert Vaux Park, defendants Hall and Martins, without just cause or provocation, falsely and unlawfully imprisoned, detained, arrested, interrogated and searched the plaintiff; forced the plaintiff to expose parts of her body; assaulted and battered the plaintiff; and confined the plaintiff in an unmarked NYPD motor vehicle, to wit, a Dodge van.

14.  Defendants Hall and Martins thereafter drove the plaintiff in said motor vehicle to the parking lot of a Chipotle Restaurant located at 2940 Cropsey Avenue, Brooklyn, New York, whereupon defendants Hall and Martins forcibly sexually assaulted and raped the plaintiff.

15.  Defendants Hall and Martins thereafter drove the plaintiff in the aforesaid motor vehicle to various locations in the Borough of Brooklyn, County of

Kings, City and State of New York and continually forcibly sexually assaulted and raped the plaintiff.

  16. Defendants Hall and Martins thereafter released the plaintiff in the vicinity of the NYPD of the NYPD 60th precinct station house, in the Borough of Brooklyn, County of Kings, City and State of New York.

  17. The plaintiff was released without being charged with any crime.

  18. Defendants Hall and Martins lacked any probable cause to arrest, confine, detain, imprison, search or interrogate the plaintiff as aforedescribed.

  19. In arresting, handcuffing, assaulting, battering, unlawfully detaining, falsely imprisoning, sexually assaulting and raping the plaintiff as aforedescribed, the defendants Hall and Martins acted maliciously, wantonly, recklessly and in grossly negligent disregard of the plaintiff's rights.

  20. As a result of the above-described actions on the part of the defendants, the plaintiff was subjected to bodily harm, extreme emotional distress and mental anguish, public humiliation, ridicule and scorn, severe injury to her reputation, loss of dignity, loss of her liberty, violation of her civil rights, placed in grave fear of her safety and life and lost time from her everyday pursuits.

  21. The above-described sexual assault was part of a widespread pattern or practice on the part of officers of the NYPD, of which pattern or practice the defendant City, and its policy making officials, had actual and/or constructive knowledge.

  22. Without limiting the generality of the foregoing, at all times relevant hereto and for a period of time prior thereto, officers in the employ of the NYPD, including without limitation officers assigned to the Brooklyn South Narcotics Unit,

engaged in a pattern or practice of engaging in sexual contact with females in their custody.

23. The above-described practice is so persistent and widespread in the Brooklyn South Narcotics Unit that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials. *Castanza v. Town Brookhaven*, 700 F.Supp.2d 277, 287 (E.D.N.Y. 2010).

24. The examples described below are illustrative of conduct constituting the above-described practice.

25. Per an article appearing in the N.Y. Daily News on October 24, 2011, reported by Oren Yaniv, who is currently the spokesperson for the District Attorney of Kings County, NYPD narcotics officers, on multiple occasions, supplied a drug user, one Melanie Perez, with crack cocaine and forced her to perform sex acts upon them in return. Ms. Perez subsequently testified to that effect in a police corruption trial.

26. In one incident testified to by Ms. Perez during the bench trial of Jason Arbeeny, one of eight undercover narcotics officers charged in an investigation into the Brooklyn South Narcotics Unit, a police officer, known to her only as "Frank", called her to his home, made her smoke crack cocaine and then demanded oral sex, a request that she unwillingly complied with. Ms. Perez also testified that "Frank" subsequently introduced her to a colleague, Sean Johnston, who also gave her narcotics on several occasions.

27. Another example of such conduct was reported in the N.Y. Daily News on January 22, 2008. That article related that 15 police officers, representing two full squads of the Brooklyn South Narcotics Unit, were placed on desk duty as a result of

5

a five-month investigation by the NYPD's Internal Affairs Bureau, which revealed a widespread practice of officers in that unit trading drugs for sexual favors with informants and prostitutes.

28. The article further reported that as a result of the investigation, the Police Commissioner transferred the commanding officer of citywide narcotics, the head of Brooklyn South Narcotics Unit, and two captains in the unit. It was also noted in the article that the unit has a long history of such improper conduct, noting that five years before the above described investigation, a female police officer who worked in the unit charged in a sex harassment suit that it was a "frat house" of alcohol and pornography.

29. Also illustrative is an account published in the New York Post on January 30, 2003, which reported that a female police lieutenant, Michele Jarman-Brown, was suing her former superiors for alleged lewd and improper behavior, comparing the narcotics unit where she once worked to a "frat house," where cops guzzled beer, surfed the internet for hardcore pornography and pasted pictures of nude women on the walls. At the trial of her action in the United States District Court for the Eastern District of New York, Lieutenant Jarman-Brown testified that she suffered constant abuse during her 19 months as an undercover officer in the Brooklyn South Narcotics Unit until she left in October, 1997. Lieutenant Jarman-Brown further testified that she reached her "breaking point" when she found a semen-stained copy of Hustler magazine in her desk drawer. She also testified that said male narcotics officers used the unit's computer, which displayed a screen-saver of women engaging in oral sex, to visit sado-masochistic chat rooms, and that officers in the unit drank beer and took "surveillance" photographs of

6

unsuspecting women's breasts and buttocks, and kept pornographic photographs of a female drug suspect they had seized as "evidence."

30. Without limiting the generality of the foregoing, at all times relevant hereto and for a period of time prior thereto, defendants Hall and Martins engaged in a pattern or practice of sexually assaulting females in their custody.

31. Policy making officials of the defendant City acquiesced in the aforesaid pattern or practice.

32. Defendant City was deliberately indifferent to such pattern or practice.

33. Defendant City had actual knowledge that such pattern or practice was the result of inadequate training and/or supervision on the part of the NYPD.

34. At all times relevant hereto, defendant City knew, or in the exercise of reasonable care and supervision should have known, of the aforesaid pattern or practice, and of the propensities of police officers in its employ, including defendants Hall and Martins, to commit sexual assaults upon females in their custody, based on their prior history of so assaulting females in their custody.

35. At all times relevant hereto the defendant City, acting through the NYPD, was negligent and deficient in the training and supervision of its police officers with respect to treatment of females in their custody.

36. The aforesaid negligence and deficiency of the defendant City acting through the NYPD contributed to and/or caused the plaintiff's injuries as described herein.

37. On or about September 15, 2017 the plaintiff presented to the emergency of Maimonides Hospital in Brooklyn, New York to seek treatment for the injuries sustained in the aforesaid assaults and batteries.

38. The plaintiff communicated to the hospital staff that she was raped by two plainclothes police officers.

39. The hospital staff informed the NYPD that there was a patient who claimed she was raped by two plainclothes police officers.

40. Shortly thereafter, at least NYPD police officers arrived at the hospital shortly, including two high ranking officers, Deputy Inspector Michael Kletzel and Captain Sean Finn.

41. The plaintiff communicated to several of the NYPD officers that she had been raped by two plainclothes police officers.

42. The plaintiff communicated to defendant Markov and several other of the NYPD officers present that she wished to press charges against the two plainclothes police officers.

43. The plaintiff was then pressured, bullied, threatened and intimidated by defendant Markov and defendants John Doe Officers 1-8 in an attempt to prevent plaintiff from implicating NYPD police officers in the sexual assault upon her.

44. The plaintiff's mother had accompanied plaintiff to the hospital and was present when the police officers arrived.

45. Both plaintiff and plaintiff's mother are fluent Russian language speakers.

46. Defendant Markov communicated in the Russian language to plaintiff and her mother in a private room away from the other officers and pressured and intimidated the plaintiff and her mother to prevent them from reporting the assault to authorities.

47. Defendant Markov repeatedly stated to plaintiff and her mother that the two plainclothes police officers were not real police officers and that he was aware that plaintiff made the same complaints previously about other police officers.

48. Defendant Markov kept repeating to plaintiff and her mother that "they have the story wrong" and that plaintiff was not raped by police officers.

49. Defendant Markov, in plaintiff's presence, also repeatedly stated to plaintiff's mother that plaintiff did not know what she was talking about.

50. All of the foregoing was done in a concerted effort to prevent plaintiff from submitting to a medical exam and rape kit and from pressing charges against the two plainclothes police officers.

51. A nurse who had been nearby urged plaintiff's mother to "be strong" and stand up for her daughter and not to be intimidated.

52. Plaintiff was threatened and intimidated by defendant Markov and defendants John Doe Officers 1 to 8 at the hospital solely in an attempt to prevent plaintiff from informing authorities of the aforedescribed sexual assaults and from implicating NYPD officers therein.

53. The aforesaid threats and intimidation were part of a widespread

pattern or practice engaged in by NYPD officers to prevent victims of such sexual assaults from reporting same to the authorities.

54. At all times relevant hereto defendant City, acting through the NYPD, had actual knowledge of such pattern or practice and acquiesced in the same.

55. The aforedescribed threats and intimidation were part of a widespread pattern or practice of long duration establishing constructive knowledge thereof and acquiescence therein by policy making officials of defendant City.

56. Defendant City was deliberately indifferent to such pattern or practice.

57. Defendant City had actual knowledge that such pattern or practice was the result of inadequate training and/or supervision on the part of the NYPD.

58. As a result of the aforementioned threats and intimidation the plaintiff was subjected to extreme emotional distress and mental anguish, public humiliation, ridicule and scorn, severe injury to her reputation, loss of dignity, loss of her liberty, violation of her civil rights, placed in grave fear of her safety and life and lost time from her everyday pursuits.

59. To the extent applicable to the state law claims pleaded herein, the plaintiff has complied with all the conditions precedent to the bringing of this action against defendant City and has complied with the provisions of the statutes in such cases made and provided and, in particular, has presented the claims herein set-forth to the Comptroller of the defendant City for adjustment, and more than thirty (30) days have elapsed since the presentation of said claims, and said claims remain unadjusted, and said Comptroller has failed and refused to make any adjustment of said claims, and this

plaintiff has, prior to 90 days after the claims herein arose, duly served notice upon the Comptroller of the defendant City of intention to sue upon said claims herein set-forth; and this action has been commenced within one year and ninety days after the claims herein arose.

60. To the extent applicable hereto, this action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules of the State of New York, including but not limited to sub-sections (1) (b), (2), (5), (7) and (11) thereof.

First Cause of Action as to Defendants
The City Of New York, Detective Richard Hall
<u>and Detective Eddie Martins for False Arrest and False Imprisonment</u>

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

62. The aforedescribed arrest and confinement of plaintiff was made without warrant or other legal process and was unlawful, in that no crime had been committed by plaintiff and in that there was no reason or probable cause for belief that plaintiff had committed any crime.

63. The defendants did not have a good faith belief that plaintiff was guilty of the offenses charged.

64. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

65. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money

11

for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

Second Cause of Action as to
Defendants the City Of New York, Detective Richard Hall and
<u>Detective Eddie Martins for Assault, Sexual Assault and Battery</u>

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

67. Defendants Hall and Martin brutally raped and sexually assaulted the plaintiff while she was handcuffed and being confined by said defendants.

68. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

69. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

### Third Cause of Action as to
### Defendant The City Of New York for Negligence

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

71. The above-described injuries to the plaintiff are the proximate result of the negligence of the defendant The City of New York in that said defendant did not exercise reasonable care in the hiring, employment, training, retention and supervision of its employees, which employees include, without limitation, the individual defendants and other officers of the NYPD.

72. Defendant The City of New York had, or should have had, knowledge of the improper sexual conduct and other illegal and improper conduct of its employees, including without limitation, the individual defendants and other officers and detectives of its police department, and, defendant The City of New York failed to exercise reasonable care by retaining and by not terminating its employment of those employees, or taking other corrective measures.

73. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

13

Fourth Cause of Action as to
Defendant Espey for Negligence

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

75. The above-described injuries to the plaintiff are the proximate result of the negligence of the defendant Espey in that said defendant did not exercise reasonable care in the supervision of his subordinates, which subordinates include, without limitation, the individual defendants and other officers of the NYPD.

76. Defendant Espey had, or should have had, knowledge of the improper sexual conduct and other illegal and improper conduct of his subordinates, including without limitation, the individual defendants and other officers of the NYPD, and defendant Espey failed to exercise reasonable care by permitting such improper and illegal conduct to occur and continue, and by failing to take other corrective measures.

77. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

Fifth Cause of Action
as to All Defendants Under Title 42 U.S.C. 1983, *et seq.*

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

79.     The hereinabove described actions and omissions, engaged in under color of state law by the defendants, including defendant The City of New York, sued as a person within the meaning of Title 42 U.S.C. 1983 *et seq.*, deprived the plaintiff of rights secured to her by the Constitution and laws of the United States, including, but not limited to, her First Amendment right to freedom of expression, her Fourth Amendment right to be free from unlawful seizure of her person, her Fifth, and Fourteenth Amendment rights to due process of law and to the equal protection of the laws, including the right to be free from unjustified and excessive force utilized by police, her Eighth Amendment right to be free from cruel and unusual punishment, and Title 42 U.S.C. 1983 *et seq.*

80.     By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

Sixth Cause of Action as to Defendants The City Of New York,
Detective Richard Hall, Detective Eddie Martins, Officer Greg Markov
and John Doe Officers 1 to 8 for Intentional Infliction of Emotional Distress

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

82.     The acts of defendants were done willfully, maliciously, deliberately, and purposely with the intention to inflict emotional distress upon plaintiff

and/or were done in reckless disregard of the probability of causing plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

83. As a direct and proximate result of the defendants' acts alleged herein, plaintiff was caused to incur, and continues to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety.

84. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

Seventh Cause of Action as to Defendants The City Of New York, Detective Richard Hall, Detective Eddie Martins, Officer Greg Markov and John Doe Officers 1 to 8 for Retaliation Violative of the Plaintiff's Rights Under the First Amendment

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

86. The plaintiff was engaged in protected conduct when she reported that she was raped by two plainclothes officers of the NYPD.

87. The defendants City Of New York, Detective Richard Hall, Detective Eddie Martins, Officer Greg Markov and John Doe Officers 1 to 8, by pressuring, bullying, threatening and intimidating plaintiff from her pressing charges against the said police officers were engaged in an adverse action taken against the

plaintiff that would deter a person of ordinary firmness from continuing to engage in that speech or conduct.

88. The adverse action was motivated by plaintiff's protected conduct of wanting to charge the officers.

89. By reason of the foregoing, the plaintiff suffered a deprivation of her first amendment rights.

90. The acts of the said defendants were done willfully, maliciously, deliberately, in deprivation of plaintiff's first amendment rights, and purposely with the intention to inflict emotional distress upon plaintiff and/or were done in reckless disregard of the probability of causing plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

91. As a direct and proximate result of the defendants' acts alleged herein, plaintiff was caused to incur, and continues to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety.

92. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

WHEREFORE, plaintiff demands judgment against the defendants on all causes of action in an amount to be determined upon the trial of this action together with interest from September 15, 2017, and with the costs and disbursements of this action.

17

<u>Jury Demand</u>

Plaintiff, pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury on all issues triable of right by jury.

Dated: New York, New York
      May 27, 2018

      Yours etc.,

      /s/ Michael N. David
      MICHAEL N. DAVID (MND-5576)
      *Attorney for Plaintiff*
      14 Wall Street, 20th Floor
      New York, New York 10005
      Telephone: (212) 363-1997

.