UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNA DOE,                                             Docket No.1:18-cv-00670

                                                      (ARR) (JO)

                              *Plaintiff*,


                        *-against-*


THE CITY OF NEW YORK, DETECTIVE RICHARD
HALL, DETECTIVE EDDIE MARTINS, SERGEANT
JOHN ESPEY, OFFICER GREG MARKOV and
JOHN DOE OFFICERS 1 TO 8,


                              *Defendants*.


MEMORANDUM OF LAW IN OPPOSITION OF THE MOTION TO DISMISS BY
DEFENDANT SERGEANT  JOHN ESPEY

                              **MICHAEL N. DAVID**
                              Attorney for Plaintiff
                              14 Wall Street,20[th] Floor
                              New York, New York 10005
                              (212) 363-1997

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ...................................................................................... 3

**PRELIMINARY STATEMENT** ………............................................................,... 5

**STATEMENT OF FACTS** ………............................................................ 6

**ARGUMENT**........................................................................................... 7

**POINT I** ….. ................................................................................... 7

**Plaintiff's Fourth Cause of Action as to Defendant Espey for Negligence Should be Sustained**

**POINT II** .................................................................................................11

**Plaintiff Has Sufficiently Alleged a Viable Claim Under Title 42 U.S.C. 1983**

**POINT III**………………………………………………. ..........................................15

**THE MOTION SHOULD BE DENIED AS THERE HAS BEEN NO DISCOVERY**

**CONCLUSION**…………………………………………………………………….20

# TABLE OF AUTHORITIES

**Cases**                                                                     **Pages**

*Ben v. United States*,
160 F. Supp. 3d 460, 477 (N.D.N.Y. 2016)…………………………………… .8

*Bryant v. Maffucci*,
 923 F.2d 979, 985 (2d Cir. 1991)………………………………………….13,14

*Castilla v. City of New York*,
No. 09 CIV. 5446 SHS, 2012 WL 3871517, at *3 (S.D.N.Y. Sept. 6, 2012….12.

*Detone v. Bullit Courier Serv., Inc.*,
140 A.D.2d 278, 279, 528 N.Y.S.2d 575, 576 (1988)………………………..10.

*Doe v. Guthrie Clinic, Ltd.*,
519 F. App'x 719, 721 (2d Cir. 2013)……………………………………… ..9

*Fiacco v. City of Rensselaer*,
 783 F.2d 319, 326 (2d Cir.1986)………………………………………… 15….

*Gierlinger v. New York State Police*,
15 F.3d 32, 34 (2d Cir. 1994……………………………………………………12

*Gonzalez v. City of New York*,
133 A.D.3d 65, 67, 17 N.Y.S.3d 12, 15 (N.Y. App. Div. 2015)………………9,10

*Granger Cons.Co. v. G.C. Fire Prot. Sys., Inc.*,
No. 5:13-CV-0780 LEK/ATB, 2014 WL 202020,
at *2 (N.D.N.Y. Jan. 15, 2014). ……………………………………………8

*H.H. v. City of New York,*
*No. 11-CV-4905 (NG) (ST)*, 2017 WL 3396434,
at *11 (E.D.N.Y. Aug. 7, 2017 ……………………………………………..9

*Kelley v. City of New York*,
659 F. Supp. 639, 641 (E.D.N.Y. 1987) ………………………………… …15…..

*McCann v. Coughlin*,
698 F.2d 112, 125 (2d Cir.1983) …………………………………………………14…


*Patterson v. Cty. of Oneida, N.Y.*,
375 F.3d 206, 226 (2d Cir. 2004…………………………………………… ……12


*Poe v. Leonard*,
282 F.3d 123, 142 (2d Cir. 2002)…………………………………………………13,14


*Raspardo v. Carlone*,
770 F.3d 97, 116 (2d Cir. 2014)…………………………………………………11


*Saint-Guillen v. United States*,
657 F. Supp. 2d 376, 384 (E.D.N.Y. 2009). …………………………………… .8


 *Schnitzer v. Erie Cty.*,
 8 Misc. 2d 989, 990, 168 N.Y.S.2d 217 (Sup. Ct. 1957)……………..…… … 8

*Sorlucco v. New York City Police Dep't*,
971 F.2d 864, 870 (2d Cir. 1992………………………………………………12

*Stevens v. Dutchess Cty.*, N. Y.,
 445 F. Supp. 89, 93–94 (S.D.N.Y. 1977) ………………………………..      15
         .

 *Tchatat v. City of New York*, No. 14 CIV. 2385 LGS, 2015 WL 5091197, at *8 (S.D.N.Y. Aug. 28, 2015), on reconsideration in part, No. 14 CIV. 2385 LGS, 2015 WL 6159320 (S.D.N.Y. Oct. 20, 2015) *quoting* …………………………………………………… …11


 *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986) ……………………13

## PRELIMINARY STATEMENT

Plaintiff  respectfully submits this Memorandum of Law in opposition to defendant Sergeant John Espey's summary judgment motion. Plaintiff brought this instant action because i) she was falsely arrested and imprisoned by the defendants ii) she was  raped and sexually assaulted  by defendant Hall  and defendant Martins in a police vehicle and iii) her protected free speech was chilled when she was bullied by defendant Markov at the hospital as to not press rape charges against his fellow detectives (Third Amended Complaint hereinafter TAC annexed to declaration of David as Exhibit A). Defendant Sergeant John Espey was defendant Hall  and defendant Martins  supervisory officer at the time the rape took place. Plaintiff claims against Defendant Sergeant John Espey are under a theory of negligence, gross negligence supervisor liability and violation of  42 U.S.C. §1983.  Furthermore there has been absolutely no discovery as to  Defendant Sergeant John Espey's role in having his 2 subordinates leave an undercover narcotic  operation inexplicably to go to Calvert Vaux Park. There has been no discovery as to what actions Defendant Sergeant John Espey took while he had a phone conversation with Detective Hall  while the plaintiff was being raped in the back of the van. There has been no discovery as to why the Defendant Sergeant John Espey was stripped of his badge and put on desk duty for failure to supervise.  There has been no discovery as to Defendant Sergeant John Espey 's role in the  attempt to silence the plaintiff at the hospital. We respectfully submit that defendants' motions for summary judgment should be denied.

Although this is a factually intensive matter defendants papers do not contain a local civil Rule 56.1 statement and do not cite to admissible evidence in most of the statement of facts.

What defendants do is argue throughout their memorandum as if the facts are presumed to be as stated for purposes of this motion.

## STATEMENT OF FACTS

On September 15, 2017 at or around 8:00 p.m., Plaintiff drove to Calvert Vaux Park, a public park located in Gravesend, Brooklyn, New York. TAC, annexed to David Declaration as Exhibit A, at ¶13. While that section of the park normally closes at night the gate to the dirt road was open for vehicles that night. Relevant Excerpts from Plaintiff's 50-h Hearing Transcript, annexed to David Decl. as Exhibit B, at 185:13-17. That section of the park was open as the gate was open. 50-h Tr., Ex. B, at 207,208:17-5. The rest of the park is normally open at night 50-h Tr., Ex. B, at 187:15-17.At 8:00 p.m. It was already dark. 50-h Tr., Ex. B, at 185:15-16. The detectives vehicle was shut off and parked in the dark area before it approached plaintiff's vehicle from behind. 50-h Tr., Ex. B, at 185:21-23. 186:9-10. The interior light of plaintiff's vehicle was not on. Nobody in the vehicle smoked pot or used pills before they got to the dirt road. 50-h Tr., Ex. B, at 188:6-11. The area where the detectives were parked was completely dark. 50-h Tr., Ex. B, at 206:14-17. There was no lighting by the dirt road. 50-h Tr., Ex. B, at 208:7-9. It's dark and you could not see. 50-h Tr., Ex. B, at 209:2-4.

At approximately 8:00 p.m., Plaintiff was pulled over by Defendants Hall and Martins. TAC, Ex. A, at ¶13. After detaining plaintiff, Defendants Hall and Martins sexually assaulted and raped her in an unmarked NYPD van. TAC, Ex. A, at ¶13. Prior to the rape the defendants proposed trading sex for her release. 50-h Tr., Ex. B, at 435:14-25. According to a NY Times article authored by Alan Feuer on 12/5/17 Defendant Sergeant John Espey had a phone conversation with Detective Hall while the plaintiff was being raped in the back of the van Ex.C. According to a DNA article authored by Noah Hurowitz on 9/29/17 Defendant Sergeant John Espey was

stripped of his badge and put on desk duty for failure to supervise Ex D. According to the NY Daily News article authored by Graham Rayman on 9/29/17 Defendant Sergeant John Espey was supervising the two defendant detectives in an undercover narcotic operation when they inexplicably went to Calvert Vaux Park Ex E. Following the rape, Plaintiff went to the emergency room of Maimonides Hospital in Brooklyn, New York to seek treatment. TAC, Ex. A, at ¶37. While at the hospital, Plaintiff informed NYPD police officers, including Defendant Markov, that she intended to press charges against Defendants Hall and Martins. TAC, Ex. A, at ¶42. According to Plaintiff, Defendant Markov told Plaintiff that he did not believe that she was raped by "real police officers" and that he believed that Plaintiff had previously made the same complaint about other police officers. TAC, Ex. A, at ¶47.According to plaintiff Defendant Markov was harassing her. 50-h Tr., Ex. B, at 627:24-25. Defendant Markov was trying to hide his name. 50-h Tr., Ex. B, at 628:6-25., 627:20-25 Defendant Markov was smirking and laughing at the plaintiff when he was questioning her. 50-h Tr., Ex. B, at 633:5-19. Detective Markov was asking her for an hour asking how does she know its real cops and not about the situation. Defendant Markov was smirking and the plaintiff was crying. 50-h Tr., Ex. B, at 637:9-19. Defendant Markov followed plaintiff's mother into the bathroom and told her it doesn't look like the plaintiff was raped. 50-h Tr., Ex. B, at 641:2-25.

## ARGUMENT

As demonstrated below, Defendant Espey's motion is meritless and his effort to avoid responsibility for his negligence and constitutional deprivations against the Plaintiff must be rejected. Plaintiff sufficiently has alleged all the necessary elements of its negligence and §1983 claims, and Plaintiff's fact-based claim should proceed to discovery. Alternatively the motion should be denied as discovery has not been completed

## POINT I

**Plaintiff's Fourth Cause of Action as to Defendant Espey for Negligence Should be Sustained**

Defendant Espey has argued that the Plaintiff has not stated a viable claim for relief for negligence. However, Defendant's argument is without merit for the reasons stated below.

To survive the motion to dismiss, the mere allegation of negligence on the part of Defendant Espey is sufficient. *See Schnitzer v. Erie Cty.*, 8 Misc. 2d 989, 990, 168 N.Y.S.2d 217 (Sup. Ct. 1957) ("On this motion [to dismiss] the allegation of negligence on the part of the Sheriff himself must be given credibility. Upon the trial it may appear that the Sheriff in no wise was negligent and that the allegation of negligence on the part of the defendant is wholly without substance. This will be determined upon the trial."). Here, the Plaintiff has done more than merely alleging negligence.

To prevail on a claim of negligence under New York law, a plaintiff must prove: (1) a duty owed by the defendant to the plaintiff to use reasonable care; (2) breach of that duty by the defendant; and (3) injury to the plaintiff. *See Ben v. United States*, 160 F. Supp. 3d 460, 477 (N.D.N.Y. 2016). *See also, Granger Cons.Co. v. G.C. Fire Prot. Sys., Inc.*, No. 5:13-CV-0780 LEK/ATB, 2014 WL 202020, at *2 (N.D.N.Y. Jan. 15, 2014).

*(a) Existence of Duty*

The law imposes duty on the defendant to control the conduct of a person to prevent him from causing harm to others. *See Restatement (Second) of Torts at § 319 (1963–1964).* ("One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."). The two requirements for triggering this duty are: (1) sufficient knowledge of the danger posed by the third person; and (2) sufficient ability to

control the relevant conduct of the third person. *See Saint-Guillen v. United States*, 657 F. Supp. 2d 376, 384 (E.D.N.Y. 2009).

Here, since Defendant Espey supervised, (Third Amended Complaint ("Compl.") ¶¶ 10, 75) and had charge of defendants Hall and Martins, (1) he should have had knowledge of the danger posed by them. *See Ben v. United States*, 160 F. Supp. 3d 460, 482 (N.D.N.Y. 2016)("§319 Restatement (Second) of Torts, Comment a.) (Indicating that the section applies where "the actor has charge of a third person ... who has a peculiar tendency so to act of which the actor from personal experience or otherwise knows or should know"); and (2) by virtue of being a supervisor, he had sufficient authority and ability to control their conduct.

Demonstrably, by alleging that defendants Hall and Martins were, at all times relevant, under the supervision of Defendant Espey, (*Id.*) the Plaintiff has sufficiently pled that Defendant Espey had enough knowledge and control to establish a duty under § 319 to use reasonable care in supervising Hall and Martins.

Further, in addition to the duty imposed by Restatement (Second) of Torts at § 319 (1963–1964), Defendant Espey's duty owed to the Plaintiff also stems from New York's long recognized tort of negligent supervising and retention. *See Gonzalez v. City of New York*, 133 A.D.3d 65, 67, 17 N.Y.S.3d 12, 15 (N.Y. App. Div. 2015). To prevail on the claim of negligent supervision and retention, a plaintiff must allege, among other things, that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence. *See Doe v. Guthrie Clinic, Ltd.*, 519 F. App'x 719, 721 (2d Cir. 2013). Propensity is considered equivalent to reasonable foreseeability. *H.H. v. City of New York, No. 11-CV-4905 (NG) (ST)*, 2017 WL 3396434, at *11 (E.D.N.Y. Aug. 7, 2017). The employer's negligence lies in his having placed the employee in a position to cause foreseeable harm, harm

which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention of his employees. *See Detone v. Bullit Courier Serv., Inc.*, 140 A.D.2d 278, 279, 528 N.Y.S.2d 575, 576 (1988).

Here, given that sexual assault, in general, has been a widespread practice on the part of officers of the NYPD; (Compl., ¶¶ 21-29) that Hall and Martins, in particular, have also previously engaged in the practice of sexually assaulting females in their custody; (Compl., ¶¶ 30,34) that Defendant Espey was their supervisor at all relevant times, and was assigned to the Brooklyn Narcotics South Unit of the NYPD, (Compl., ¶¶ 10, 75) he should have known of his subordinates' propensity for the alleged conduct. (Compl. ¶ 76). Defendant Espey was negligent in placing defendants Hall and Martins in a position to cause foreseeable sexual harm to females in their custody, and by failing to take reasonable care with respect to their supervision and retention. (Compl., ¶¶ 75-76).

*(b) Breach of Duty*

Breach of duty stems from the claim that during Hall's and Martins' employment with Defendant Espey, he should have had knowledge of their problematic behavior, (Compl., ¶76) which indicated that they possessed propensities to engage in harmful conduct, and he should have taken reasonable care in supervising and retaining in their employments. (Compl., ¶¶ 75-76). However, Defendant Espey failed to take any reasonable action to prevent Hall and Martins from causing harm. (Compl., ¶¶ 75-76). *See Gonzalez v. City of New York*, 133 A.D.3d 65, 68, 17 N.Y.S.3d 12, 15 (N.Y. App. Div. 2015).

*(c) Injury to the Plaintiff*

At the motion to dismiss stage, it may suffice for a plaintiff to set forth "general allegations of injury resulting from the defendant's conduct." *See Granger Cons.Co. v. G.C. Fire*

*Prot. Sys., Inc.*, No. 5:13-CV-0780 LEK/ATB, 2014 WL 202020, at *3 (N.D.N.Y. Jan. 15, 2014). The Plaintiff has met this standard by alleging that, by reason of Defendant Espey's breach of duty, she suffered serious injuries. (Compl., ¶77).

According to a  NY Times article authored by Alan Feuer on 12/5/17 Defendant Sergeant John Espey  had a phone conversation with Detective Hall  while the plaintiff was being raped in the back of the van Ex.C. According to a DNA article authored by Noah Hurowitz  on 9/29/17 Defendant Sergeant John Espey was stripped of his badge and put on desk duty for failure to supervise Ex D.  According to the NY Daily News  article authored by Graham Rayman on 9/29/17 Defendant Sergeant John Espey was supervising the two defendant detectives  in  an undercover  narcotic  operation when they inexplicably went  to  Calvert Vaux Park Ex E.

Based on the above, the only conclusion that the Court may reach based on the allegations in the Third Amended Complaint and the newspaper articles  is that the Plaintiff sufficiently has pled a claim for negligence against Defendant Espey. As stated above, Plaintiff's mere allegation that Defendant Espey was negligent is sufficient to sustain Plaintiff's Fourth Cause of Action as to Defendant Espey. Accordingly, Defendant Espey's motion to dismiss should be denied.

## POINT II

### Plaintiff Has Sufficiently Alleged a Viable Claim Under Title 42 U.S.C. 1983

To state a claim for liability under § 1983, a plaintiff must plead "individual, personalized liability on the part of [ ] defendant." *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). A plaintiff may demonstrate that a supervisory defendant was personally involved in the alleged constitutional violation in several ways, for example, by demonstrating that the defendant created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom; or that the defendant was grossly negligent in supervising

subordinates who committed the wrongful acts. *See Tchatat v. City of New York*, No. 14 CIV. 2385 LGS, 2015 WL 5091197, at *8 (S.D.N.Y. Aug. 28, 2015), on reconsideration in part, No. 14 CIV. 2385 LGS, 2015 WL 6159320 (S.D.N.Y. Oct. 20, 2015) *quoting Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir.2014).*

In the instant case, as described below, the Plaintiff has demonstrated that Defendant Espey was personally involved in various constitutional violations.

(a) *Defendant Espey Allowed the Continuance of Policy or Custom Under Which Unconstitutional Practices Occurred.*

The policy or custom used to anchor liability need not be contained in an explicitly adopted rule or regulation. *See Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992). It is sufficient to show, for example, that a discriminatory practice of subordinate employees was "so manifest as to imply the constructive acquiescence of senior [ ] officials," *See Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004). Here, the Plaintiff has done exactly that, by clearly and specifically alleging that the officials had actual or constructive knowledge of the sexual assaults by the NYPD officials. (Compl., ¶¶21,23,31).

Further, Section 1983 liability can be imposed upon individual employers, or responsible supervisors, for failing properly to investigate and address allegations of sexual harassment when through this failure, the conduct becomes an accepted custom or practice of the employer. *See Gierlinger v. New York State Police*, 15 F.3d 32, 34 (2d Cir. 1994). *See also Castilla v. City of New York*, No. 09 CIV. 5446 SHS, 2012 WL 3871517, at *3 (S.D.N.Y. Sept. 6, 2012) ("a policy may be established by showing that the acts of the municipal agent were part of a widespread practice that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware."). In *Castilla*, the plaintiff alleged various other

instances of male police officers taking sexual advantage of females under their custody or control. The Court in *Castilla*, taking plaintiffs' allegations as true, held that the plaintiff sufficiently pled claims against the defendant, to survive the defendant's motion to judgment on pleadings. *See also Kelley v. City of New York*, 659 F. Supp. 639, 641 (E.D.N.Y. 1987) ("drawing upon plaintiff's personal asserted observation of alleged repeated instances of improper police methods in city public assistance centers, the complaint adequately pleads the existence of a municipal policy or custom of non[-]supervision").

Here, in addition to specific allegations against Hall and Martins, (Compl., ¶¶30,34) the employees supervised by Defendant Espey, the Plaintiff has adequately demonstrated that the officers in the employ of the NYPD, including without limitation, officers assigned to the Brooklyn South Narcotics Unit, engaged in a pattern or practice of engaging in sexual contact with females in their custody; (Compl., ¶¶21-29) and that the practice is so persistent and widespread in the Brooklyn South Narcotics Unit that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials. (Compl., ¶¶21,23,31). Clearly, as in *Castilla*, the Plaintiff has pled sufficient facts to sustain a viable claim under Title 42 U.S.C. 1983.

Should the Court decide to not consider this prong of the Plaintiff's opposition, Plaintiff provides that Defendant Espey will still be liable under § 1983 for gross negligence, as discussed in point (*b*) below.

(b) *In the Alternative, Defendant Espey was Grossly Negligent in Supervising Subordinates Who Committed the Wrongful Acts.*

A supervisor may be found liable for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative

causal link between the supervisor's inaction and her injury. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002). *See also Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986) ("a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event").

"Gross negligence or reckless conduct generally imports the concept of heedless indifference to consequences to another. Leading commentators define this kind of conduct as where defendant has reason to know of facts creating a high degree of risk of physical harm to another and deliberately acts or fails to act in conscious disregard or indifference to that risk. Restatement, Torts 2d, § 500, Comment a (1965)". *See Bryant v. Maffucci*, 923 F.2d 979, 985 (2d Cir. 1991).

The appropriate inquiry, according to *Poe v. Leonard*, 282 F.3d 123, 142 (2d Cir. 2002), is as follows: Plaintiff must allege sufficient facts to raise a triable issue of fact as to whether the supervisor knew or should have known that there was a high degree of risk that his subordinates would behave inappropriately with a woman during his assignment, but either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury to the plaintiff. *See McCann v. Coughlin*, 698 F.2d 112, 125 (2d Cir.1983) (holding that a prison commissioner and superintendent could be held liable for their gross negligence and deliberate indifference to the constitutional rights of inmates, as indicated by their having actual or constructive notice that unconstitutional practices were taking place, and their failure to act on the basis of this information).

Applying the gross negligence standard discussed in *Poe v. Leonard*, in the instant matter, the Plaintiff has alleged sufficient facts to demonstrate that Defendant Espey should have

known that there was a high degree of risk that his subordinates would behave inappropriately, on account of prior illegitimate practices of Hall and Martins in particular, (Compl., ¶¶30,34) and of NYPD police officers in general (Compl., ¶¶21-29). However, despite being the supervisor on duty at the time of the forcible sexual assault and rape, Defendant Espey recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury to the Plaintiff.

Further, gross negligence may also be demonstrated by the defendant's failure to adopt "appropriate procedures to deal responsibly with complaints of police brutality ... or to make reasonable investigations of such complaints." *See Kelley v. City of New York*, 659 F. Supp. 639, 641 (E.D.N.Y. 1987) *quoting Fiacco v. City of Rensselaer*, 783 F.2d 319, 326 (2d Cir.1986). Here, as the Plaintiff has alleged in detail, there have been numerous accounts of brutalities by officers in the employ of the NYPD, including without limitation, officers assigned to the Brooklyn South Narcotics Unit. (Compl., ¶¶21-29). Defendant Espey was grossly negligent in failing to supervise Halls and Martin, despite them having engaged in prior sexual assaults of females in their custody. (Compl., ¶¶30,34).

Moreover, to survive the motion to dismiss, the mere allegation of gross negligence on the part of Defendant Espey is sufficient. *See Stevens v. Dutchess Cty.*, N. Y., 445 F. Supp. 89, 93–94 (S.D.N.Y. 1977) (The complaint alleged gross negligence on the part of the sheriff in maintaining and supervising the jail in violation of his duty of care under state law. Relying on *Schnitzer v. Erie Cty.*, 168 N.Y.S.2d 217 (Sup. Ct. 1957), the Court denied the defendant's motion to dismiss.)

## POINT  III

## THE MOTION SHOULD BE DENIED AS THERE HAS BEEN NO DISCOVERY

According to a NY Times article authored by Alan Feuer on 12/5/17 Defendant Sergeant John Espey had a phone conversation with Detective Hall while the plaintiff was being raped in the back of the van Ex.C. According to a DNA article authored by Noah Hurowitz on 9/29/17 Defendant Sergeant John Espey was stripped of his badge and put on desk duty for failure to supervise Ex D. According to the NY Daily News article authored by Graham Rayman on 9/29/17 Defendant Sergeant John Espey was supervising the two defendant detectives in an undercover narcotic operation when they inexplicably went to Calvert Vaux Park Ex E.

There has been absolutely no discovery as to Defendant Sergeant John Espey's role in having his 2 subordinates leave an undercover narcotic operation inexplicably to go to Calvert Vaux Park. There has been no discovery as to what actions Defendant Sergeant John Espey took while he had a phone conversation with Detective Hall while the plaintiff was being raped in the back of the van. There has been no discovery as to why the Defendant Sergeant John Espey was stripped of his badge and put on desk duty for failure to supervise. There has been no discovery as to Defendant Sergeant John Espey 's role in the attempt to silence the plaintiff at the hospital.

Plaintiff needs to identify all defendants' employees who were present at, witnessed or investigated the subject incidents or who at or about the time of the Incident were assigned to work in the area where the Incident occurred (if such area is identifiable and discrete). Plaintiff needs to identify all persons other than Defendants' employees who were present at the Incidents.

Defendants need to produce any and all of the following documents in the Defendants' File prepared in connection with the Incident; incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/froms"), witness statements and photographs.

Defendants need to produce any and all documents created generated or maintained by the NYPD in connection with the Incident including without limitation the UF 61 forms, stop and frisk reports, Complaint report, Complaint Follow Up Report, Arrest reports, Memo Book entries for incident in question, Online Booking Sheet and copies of the applicable section of Patrol Guide relating to the incident, 911 tape and Sprint printout prepared by or at the direction of any other governmental entity in connection with the Incident; incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/froms"), witness statements, photographs, defendants disciplined in connection with the incident.

Defendants need to produce all files, including each closing memorandum and summary, made in the course of any completed investigation into the Incident.

Defendants need to identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which the defendant formally was counseled, disciplined, punished, or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to make a report, having made a false statement of any kind , involving sexual misconduct and for any other reason in relation to the Incident.

Defendants need to identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, criminally prosecuted or otherwise made the subject of remedial actio in connection with sexual misconduct.

Defendants need to identify and produce all documents concerning any incident in the past 10 years of the incident of sexual misconduct by Brooklyn Narcotics South.

Defendants need to produce all records from the NYPD relating to the events which took place on September 15-16, 2015 which are the subject of this litigaton.

Defendants need to produce all protocols standards and guidelines applicable to the NYPD and/or Brooklyn Narcotics South and the actions taken by its officers that are the subject of this litigation.

Defendants need to produce all NYPD cell phone records, radio transmissions, written communications, electronic communications, text, emails, videos and photographs relating to the events which took place on September 15-16, 2017 which are the subject of this litigaton.

Defendants need to produce any and all records, documents and information of any type or form concerning prior or current disciplinary action taken against any police officer, detective, supervisor or any employee that has been or is a member of the Brooklyn South Narcotics Unit or has been or is currently posted at the 60th Police Precinct in Brooklyn, New York;

Defendants need to produce any and all disciplinary actions taken against defendants while they have been employees of said NY City Police Department or any other department or entity of the City of New York. Furthermore if any of them are or have been placed on any form of modified duty state the nature of the modification and the basis for such modification of duty;

Defendants need to produce any and all information that is in their possession or that they are aware of concerning prior disciplinary action taken against the defendants from any prior job, school or other institution whether they have actual documents in your possession or not;

Defendants need to produce any documents of any type that pertain to the actual work schedule of Richard Hall, Eddie Martins and John Espy on September 15 and September 16, 2017 including any arrests made and any locations visited while on duty on those dates – including any written notes in any log book, memo book or similar written document taken by any of the named employees; if they were in Calvert Vaux Park during their tour of duty what time were

each of them in such park and for how long; if they were in such park who did they speak to and for what reason if that is recorded in such notes;

Defendants need to produce any body camera or other camera tapes available for any time at all during the tour of duty of the above named employees, involving activities of said employees please advise of the existence of such tapes and the period of time that the tapes were recording any activity;

Defendants need to produce tapes if they exist of the activities of the above named employees on the noted dates of September 15 to 16 please provide usable copies of such tapes forthwith without further demand;

Defendants need to advise of any written complaints that have been made against defendants during their time of employment with NY City please advise as to how many complaints were made and the disposition;

Defendant City has to advise if there is any investigation of the rape charge involving the plaintiff taken into custody under the color of police authority by Richard Hall, Eddie Martins and John Espy on or about September 15 to 16, 2017 and to advise as to the current status of such investigation and the recommendation of the investigators at this stage of the proceeding.

Defendants need to describe the type of vehicle(s) assigned to Richard Hall, Eddie Martins and John Espy on September 15 to 16, 2017 with make , color style and license plate number then affixed to said vehicle(s).

Defendants need to provide duly executed properly addressed original authorizations to permit

the plaintiff to obtain full access to and copies of defendants' Richard Hall, Eddie Martins, John Espy and Greg Markov's current and historical records and/or information and pohotographs on defendants' social media website pages including but not limited to Facebook, MySpace, Twitter, Friendster, Flickr, WhatsApp, Groupme and any other social media websites.

Defendants need to produce all defendants Richard Hall, Eddie Martins, John Espy and Greg Markov's personal cell phone records, radio transmissions, written communications, electronic communications, text, social media accounts, emails, videos and photographs relating to the events which took place on September 15-16, 2017 from on or about 8pm which are the subject of this litigaton.

Defendants need to produce all defendants Richard Hall, Eddie Martins, John Espy and Greg Markov's cell phone records, radio transmissions, written communications, electronic communications, text, social media accounts, emails, videos and photographs relating to the events which took place on September 15-16, 2017 from on or about 8pm which are the subject of this litigation that were on other than personal devices.

Defendants need to produce all personnel files **of** Richard Hall, Eddie Martins, John Espy and Greg Markov.

All of the above discovery is absolutely material and relevant to establish the respondeat superior, negligence, Monell and First amendment claims against the defendants. That discovery is essential to help establish and prove plaintiff's claims.

Therefore the motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully submits that the Defendant's Motion for Dismissal of Plaintiff's Third Amended Complaint should be denied in its entirety.

**Dated:** New York, New York
June 25, 2018

Yours etc.,

/S/    **MICHAEL N. DAVID**

**MICHAEL N. DAVID**
Attorney for Plaintiff
14 Wall Street, 20th Floor
New York, NY 10005
212-363-1997

To: The Quinn Law Firm PLLC
Attorneys for the Defendant Sergeant John Espey
399 Knollwood Road, Suite 220
White Plains, New York 10603

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants City of New York and Gregory Markov
100 Church Street
New York, New York 10007
(212) 356-3520

Law Offices of PATRICK C. CARROLL
Attorney for Defendants RICHARD HALL and EDDIE MARTINS
One Old Country Road, Suite 125
Carle Place, New York 11514
516-424-9102