UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anna Doe,<br><br>　　　　　　Plaintiff<br><br>— against —<br><br>The City of New York, Detective Richard Hall, Detective Eddie Martins, Police Officer Gregory Markov, and John Doe Officers 1 to 8,<br><br>　　　　　　Defendants. | 18-cv-670 (ARR) (JO)<br><br><br>Not for electronic or print publication<br><br><br>Opinion & Order |

ROSS, United States District Judge:

　　Detectives Richard Hall and Eddie Martins, two of the defendants in this action, appeal from United States Magistrate Judge James Orenstein's November 16, 2018 order denying their request to extend the deadline for the completion of fact discovery by ninety days. *See* Mot. to Set Aside under Rule 72(a), ECF No. 79 ("Appeal"); Nov. 16, 2018 Order, ECF No. 76; Nov. 16, 2018 Tr., ECF No. 84. Though Hall and Martins frame their motion as a request for an extension of the discovery timeline, it is better understood as a request to stay the scheduling of their depositions until the conclusion of defendants' criminal trial, which is currently scheduled to begin on January 22, 2019. *See* Appeal 1; Nov. 16, 2018 Order; Nov. 16, 2018 Tr. 26:16–19. In an order dated May 3, 2018, Judge Orenstein previously denied defendants' motion to stay all discovery pending the outcome of the parallel criminal trial. *See* May 3, 2018 Order, ECF No. 32; May 3, 2018 Tr., ECF No. 83. In his most recent order, he reiterated his rationale for the denial of a stay, though he granted a two-week extension of fact discovery to allow the parties additional time to complete the remaining depositions. *See* Nov. 16, 2018 Tr. 27:06–29:02; Nov. 16, 2018 Order. Fact discovery is currently scheduled to conclude on December 17, 2018. Nov. 16, 2018 Order. As I

1

find that Judge Orenstein's November 16, 2018 order was neither clearly erroneous nor contrary to law, I affirm.

## BACKGROUND

Plaintiff, Anna Doe, commenced this action in Kings County Supreme Court against Detectives Hall and Martins, Sergeant John Espey, Officer Gregory Markov, several unnamed police officers, and the City of New York ("the City"). *See* Compl. at 1, ECF No. 1-2. Plaintiff's claims stem from her allegation that Hall and Martins arrested her without cause on September 15, 2017 and proceeded to rape her repeatedly in the back of a police van. *Id.* ¶¶ 7–11. After the City removed the case to federal court pursuant to 28 U.S.C. § 1331, *see* Notice of Removal ¶ 9, ECF No. 1, the City, Officer Markov, and Sergeant John Espey moved to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). *See* Mot. to Dismiss, ECF No. 45; Mot. to Dismiss, ECF No. 48. In an order dated August 9, 2018, I granted in full Sergeant John Espey's motion to dismiss all claims against him and partially granted the City's and Officer Markov's motion. *See* Aug. 9, 2018 Order, ECF No. 60. The following claims still remain in this action: (1) the *respondeat superior* claim for false arrest and imprisonment against the City; (2) the First Amendment retaliation claim against Officer Markov; and (3) all claims against Detectives Hall and Martins. *Id.* at 30.

Before Judge Orenstein entered a case management and scheduling order in this action, Hall and Martins requested a stay of all discovery pending the outcome of the "parallel criminal case . . . pending against them." *See* Apr. 13, 2018 Letter, ECF No. 18. Hall and Martins explained that they were facing criminal charges in a state case arising from the same events in the instant civil case, including charges under New York Penal Law § 130.50 for a "criminal sexual act in the first degree." *Id.* Simultaneously, the City and Officer Markov requested a stay of discovery until the court ruled on their motion to dismiss, though they also "consent[ed] to a stay of all other

proceedings herein," including a stay of all discovery until the criminal case was decided. *See* City's Pre-Motion Letter 1 n.1, ECF No. 16. In an order issued May 3, 2018, Judge Orenstein "denied the defendants['] motion to stay discovery, without prejudice to any party's right to seek a protective order as to any particular discovery demand." May 3, 2018 Order. Specifically, Judge Orenstein held that, while there is some overlap between the criminal and civil cases, "there's a lot of areas in which the two cases don't overlap." May 3, 2018 Tr. 18:06–08. He found that the prejudice to the plaintiff that would be caused by a delay in all discovery would outweigh any prejudice that might befall the defendants by having to begin discovery before the conclusion of the criminal case. *Id.* at 18:15–24. Though Hall and Martins face the burden of defending against two suits, the Fifth Amendment provides them with a remedy, which "protects against the possibility that their statements [in the civil case] will be used as evidence against them in a criminal case." *Id.* at 19:04–06. After weighing the remaining factors that might support a stay and concluding that the public interest "is best suited by both cases being resolved expeditiously," Judge Orenstein denied the requested stay. *Id.* at 19:11–15. None of the parties appealed the May 3, 2018 decision.

On November 15, 2018, as the fact discovery deadline approached, Hall and Martins requested a ninety-day extension to complete discovery. *See* First Mot. for Extension of Time to Complete Discovery, ECF No. 74. They argued that the extension of the discovery timeline was necessary because it would allow them to postpone their depositions until after the conclusion of the criminal trial, which now has a scheduled start date of January 22, 2019. *Id.* at 2–3.

In an oral order given the following day, Judge Orenstein denied the motion to extend discovery and stay the depositions of Hall and Martins, though he extended the deadline for completing fact discovery by two weeks—to December 17, 2018. *See* Nov. 16, 2018 Order. He

3

found that a further extension of fact discovery was not warranted, as defendants were unable to identify any circumstances that had significantly changed since Judge Orenstein's previous order denying a stay. *See* Nov. 16, 2018 Tr. 27:06–29:02. In particular, while the date of the criminal trial is now more certain, all parties were aware during the May hearing that a criminal trial would likely be scheduled, and Hall and Martins were unable to state with certainty whether they would request a subsequent extension of discovery after the conclusion of the criminal trial. *See id.* Judge Orenstein found that the current discovery schedule allows the defendants to litigate both the criminal and the civil case, while providing plaintiff with the chance to "get a just result in a timely fashion." *Id.* at 30:03. Furthermore, Judge Orenstein found that the City's concern that the defendants' assertion of their Fifth Amendment rights would prevent the City from defending against the *respondeat superior* false arrest claim was likely unfounded, as the City could move to compel if either Hall or Martins refused to testify about matters that were unrelated to the criminal charges, including their initial reason for stopping plaintiff. *Id.* at 32:08–33:18. As a result, Judge Orenstein denied the request to stay the depositions until the conclusion of the criminal trial, though he extended the deadline for fact discovery by an additional two weeks to allow the parties to schedule the remaining depositions. *Id.* at 34:11–35:13.

Hall and Martins filed the instant appeal fourteen days after Judge Orenstein's November 16, 2018 order. *See* Appeal; Fed. R. Civ. P. 72(a). The City of New York and Officer Markov did not join in the appeal or express any opposition to it. Plaintiff filed an opposition on December 6, 2018, asserting that the remaining depositions will soon be conducted, "[t]here are no extraordinary grounds to extend discovery," and the civil claims at issue in the instant case "have nothing to do with the criminal case" against defendants Hall and Martins. *See* Pl.'s Resp. to Mot. to Set Aside 1, ECF No. 80. Hall and Martins served a reply in support of their appeal on Monday,

4

December 10, 2018. *See* Reply, ECF No. 82.

## STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) allows a party to appeal a magistrate judge's order on a nondispositive matter and provides that the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citations omitted). When reviewing a party's appeal of a magistrate judge's order, the district court must afford the magistrate "broad discretion," and will overrule the order only if the magistrate's discretion was abused. *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 77 (S.D.N.Y. 1989) (quoting *Citicorp v. Interbank Card Ass'n*, 478 F. Supp. 756, 765 (S.D.N.Y. 1979)). Thus, a discovery order will be overturned only if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 70 (E.D.N.Y. 2003) (quoting *Thompson v. Keane*, No. 95 CV 2442, 1996 WL 229887, at *1 (S.D.N.Y. 1996)). Given the broad discretion afforded magistrate judges in handling discovery disputes and managing their docket, "[a] party seeking to overturn a discovery order bears a heavy burden." *Misas v. North-Shore Long Island Jewish Health Sys.*, No. 14-cv-8787 (ALC)(DJF), 2016 WL 4082718, at *3 (S.D.N.Y. July 25, 2016) (quoting *AP Links, LLC v. Global Golf Inc.*, No. 08 Civ. 1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011)).

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Likewise, "a magistrate

judge . . . may enter scheduling orders concerning the time of completion for discovery," and has the authority to manage any proposed changes to those orders and to withhold consent to modify them unless good cause is shown. *Misas*, 2016 WL 4082718, at *5. In his November 16, 2018 order, Judge Orenstein found that Hall and Martins had not demonstrated that they would face "substantial prejudice" in the absence of a stay or extension of fact discovery, and therefore they were not entitled to such an "extraordinary remedy." *Abraham v. Aquilone*, No. 11 Civ. 5947(KBF), 2012 WL 1820869, at *1–2 (S.D.N.Y. May 15, 2012); *see* Nov. 16, 2018 Order. As Judge Orenstein followed Second Circuit precedent in denying defendants' request for an extension of time to complete fact discovery, I cannot find as a matter of law that his order was clearly erroneous or contrary to law.

The Second Circuit has held that a court "may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (internal quotations omitted) (quoting *SEC v. Dresser Indus.*, 628 F.2d 1378, 1372 (D.C. Cir. 1980)). When a defendant is facing parallel criminal and civil actions, courts have sometimes found that a stay is warranted in order to protect the civil defendant against being forced to face "the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012); *see also Trs. of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech, Inc.*, 886 F. Supp. 1134, 1140–41 (S.D.N.Y. 1995) (granting a motion for a stay where "[t]he inconvenience and delay to plaintiffs . . . are outweighed by the defendants' significant Fifth Amendment concerns" in the parallel criminal prosecution). Because the Fifth Amendment does not prevent an adverse inference from being drawn against a party in a

6

civil action who refuses to testify in a civil deposition, *Louis Vuitton*, 676 F.3d at 98, some courts have found that a stay of the civil case is the most just way to protect a defendant's constitutional rights, *Trs. of Plumbers*, 886 F. Supp. at 1138 n.4 ("Even if a court may constitutionally deny a request for a stay, however, a stay of a civil action may still be warranted in some instances.").

However, while Hall and Martins cite cases in which stays have been granted in similar circumstances, *see, e.g.*, Reply at 1–2 (citing *Trs. of Plumbers*, 886 F. Supp. at 1134, and noting that the Southern District of New York granted a stay where a criminal trial was scheduled for six months from the date of the order), the case law clearly demonstrates that a stay is not constitutionally required simply because a civil defendant is simultaneously facing an imminent criminal case arising from the same incident. *See, e.g.*, *Louis Vuitton*, 676 F.3d at 100–01 (concluding that the district court did not err in refusing to grant a stay even if "[t]here were factors present here that would have supported the entry of a stay"); *Abraham*, 2012 WL 1820869, at *1 (holding that the fact "that a defendant might have to exercise his Fifth Amendment right against self-incrimination does not, alone, cause such 'substantial prejudice'" that a stay is required). In this case, Judge Orenstein carefully considered the six-factor balancing test frequently used by courts in this Circuit when analyzing a request for a stay, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99 (quoting *Trs. Of Plumbers*, 886 F. Supp. at 1139).[1] In particular, Judge Orenstein found that the interests of the courts, the public, and the plaintiff weighed in favor

---

[1] Though the *Louis Vuitton* court considered these factors and noted that they are used by many district courts in this Circuit, it concluded that "[t]he district court's decision ultimately requires and must rest upon 'a particularized inquiry into the circumstances of, and the competing interests in, the case,'" rather than a mechanical review of the six factors. 676 F.3d at 99 (quoting *Banks v. Yokemick*, 144 F. Supp. 2d 272, 275

of moving forward with the existing discovery schedule. *See* May 3, 2018 Tr. 18:14–19:15.[2] And while the fact that the trial is now scheduled for a certain and imminent date may be relevant to the analysis, it does not—on its own—mandate a stay or extension of discovery, particularly where the scheduling of the criminal trial was a predictable development in the parallel case and the defendants may seek additional extensions even after the conclusion of the trial. *See* Nov. 16, 2018 Tr. 27:06–29:02; *Louis Vuitton*, 676 F.3d at 101 (declining to reverse the denial of a stay even where "the criminal trial was . . . reasonably imminent"); *cf. id.* at 99 (concluding that, rather than fixating on any particular factor, the district court is free to make a "studied judgment as to whether the civil action should be stayed on the particular facts before it"). Finally, Judge Orenstein correctly found that the criminal case does not completely overlap with the civil case, as the civil case involves additional defendants and claims. *See* May 3, 2018 Tr. 18:06–08; *see also Abraham*, 2012 WL 1820869, at *2 (denying a stay in part because the standard of proof in the civil and the criminal trials will differ); *cf. Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (noting that "the Constitution does not mandate a stay" even when "a party under criminal indictment is required to defend a civil proceeding involving the same matter").

In short, on the record before me, I find that Judge Orenstein carefully considered the many factors relevant to the defendants' request for a stay, balanced competing considerations, and appropriately concluded that the significant interest in a speedy resolution of the case outweighed the burden that will be placed on defendants by being forced to invoke their Fifth Amendment rights. This conclusion is supported by the case law of the Second Circuit. *See Louis Vuitton*, 676

---

(S.D.N.Y. 2001)).

[2] Though Hall and Martins appeal from Judge Orenstein's November 16, 2018 order—and not the prior order in May—I draw on Judge Orenstein's reasoning from both hearings, as Judge Orenstein noted in the November 16, 2018 order that he had previously ruled on essentially the same request and that very little had changed since, *see* November 16, 2018 Tr. 26:16–19.

F.3d 83, 98 ("A defendant has no absolute right not to be forced between testifying in a civil matter and asserting his Fifth Amendment privilege." (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995))). Moreover, Judge Orenstein's conclusion is entitled to great deference, as he has "closely supervised discovery in this matter" and is familiar with the parties, the claims, and the discovery timeline in the case. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 80 ("The Court gives great weight to [the Magistrate Judge's] factual findings with respect to a case that has commanded so much of [his] attention for so long."). As a result—mindful of the fact that "the Constitution rarely, if ever, *requires* a stay," *Louis Vuitton*, 676 F.3d at 98—I cannot say that Judge Orenstein's order was either contrary to law or clearly erroneous.

## CONCLUSION

For the foregoing reasons, Judge Orenstein's November 16, 2018 order denying defendants' request to extend the fact discovery deadline until the conclusion of their criminal trial is affirmed. As such, fact discovery will conclude on December 17, 2018, as previously ordered by Judge Orenstein.

So ordered.

Date: December 12, 2018 _____/s/_____
Brooklyn, New York Allyne R. Ross
United States District Judge