UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anna Doe,<br><br>                Plaintiff,<br><br>— against —<br><br>The City of New York, Detective Richard Hall, Detective Eddie Martins, and Police Officer Gregory Markov,<br><br>                Defendants. | **18-cv-670 (ARR) (JO)**<br><br><br>**Not for print or electronic publication**<br><br><br>**Opinion & Order** |

ROSS, United States District Judge:

The plaintiff, Anna Doe, alleges that New York City Police Department Detectives Richard Hall and Eddie Martins stopped her in a public park, took her into custody, repeatedly raped her in the back of their police van, and released her without charging her with any crime. When she sought treatment that night at Maimonides Hospital, Officer Gregory Markov—along with a number of additional, unnamed police officers—met her there and, Doe contends, mocked and bullied her in an attempt to prevent her from filing a complaint against their fellow police officers.

Doe filed suit in Kings County Supreme Court against Hall, Martins, Markov, and the City of New York, along with Hall and Martins' supervisor, Sergeant John Espey, and the unnamed police officers from the hospital. The City removed the complaint to federal court. In August 2018, I dismissed the claims against Espey and the unnamed police officers, as well as several claims against the City.

Markov and the City have moved for summary judgment on Doe's remaining claims against them. I decide the merits of that motion in a separate opinion. Markov and the City also move to seal portions of certain exhibits filed in connection with their summary judgment motion.

For the reasons set forth below, the motion to seal is granted in part and denied in part.

## BACKGROUND

Defendants Markov and the City submitted several exhibits in connection with their motion for summary judgment. Plaintiff Anna Doe submitted several exhibits in connection with her opposition. Simultaneously with their summary judgment motion, the defendants moved for permission to file some of the parties' exhibits under seal. *See* First Mot. to Seal 1, ECF No. 97. Doe joined in this request. *See id.* I found that motion too unspecific to enable me to decide whether sealing was warranted. Accordingly, I ordered the defendants to file a more detailed motion to seal. *See* Dec. 16, 2019 Order.

The defendants subsequently filed a second motion setting forth a more specific request to seal. *See* Second Mot. to Seal, ECF No. 108.[1] They seek permission to: (1) file under seal portions of Martins', Markov's, and Espey's depositions that refer to their disciplinary histories; and (2) redact the plaintiff's true last name from (a) the transcripts of her 50-h testimony that both parties submitted as their respective Exhibits B to the summary judgment motion and opposition and (b) the Internal Affairs record submitted as defendants' Exhibit D to the summary judgment motion. *Id.* at 1–2. The defendants also note that their prior request to seal this Internal Affairs record in its entirety is now moot because the Internal Affairs investigation concluded when Hall and Martins pleaded guilty to criminal charges; they still request permission to redact the plaintiff's name from this document. *Id.* at 2.

## DISCUSSION

### I.      The police deposition transcripts must be unsealed.

---

[1] I assume that the plaintiff does not object to the defendants' sealing requests, as she joined in the defendants' initial motion to seal and has not objected to this second, more specific motion.

The defendants ask that I seal the portions of the depositions of Markov, Martins, and Espey that discuss those witnesses' disciplinary histories within the New York City Police Department ("NYPD"). The defendants assert that the portions of the depositions that they ask me to seal discuss disciplinary matters entirely unrelated to the instant litigation and note that the parties do not rely on or cite to these portions of the depositions in their summary judgment papers. *Id.* at 2–3.

The right of the public to access judicial documents has two sources: the common law and the First Amendment. For the common law right of public access to attach, "a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the documents at issue are judicial documents, then the common law presumption of public access attaches. *See id.* The court must then "determine the weight of that presumption." *Id.* Finally, to determine whether sealing is appropriate, the court must balance countervailing factors against the presumption of access. *See id.* at 120 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")). However, I do not need to engage in the first two steps of this process in deciding whether to seal documents submitted in connection with a motion for summary judgment: the United States Court of Appeals for the Second Circuit has explicitly held that "documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents[,]" *Lugosch*, 435 F.3d at 126, and that the weight of the presumption of public access afforded to these documents "is of the highest," *id.* at 123 (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). In addition, the First Amendment presumption of immediate public access attaches to documents submitted in connection with a motion for summary judgment; accordingly, "[b]ecause the First Amendment presumption gives rise to a higher burden on the party seeking to prevent disclosure

than does the common law presumption, the presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126. Finally, the Second Circuit has "expressly rejected the proposition that 'different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving [a] motion [for summary judgment].'" *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 123).

The strong First Amendment presumption of access attaches to the materials that the defendants wish to seal because they appear in exhibits submitted in connection with a motion for summary judgment. First, I note that I question the defendants' assertion that the portions of the transcripts they seek to seal discuss only allegations of misconduct that are irrelevant to the plaintiff's instant claims. Espey's deposition, for example, discusses his transfer on October 4, 2017, after "there was a complaint made against the team." Espey Dep. Second Mot. to Seal Ex. G at 13:10–18, ECF No. 108-1. Because the plaintiff's allegations arise from events occurring on September 15, 2017, and absent any clarification in the deposition transcript of the circumstances contextualizing Espey's transfer, it is not unlikely that his transfer was related to the plaintiff's rape complaint against Hall and Martins. *See* Defs.' Rule 56.1 Statement ¶ 1, ECF No. 100; Pl.'s Resp. to Defs.' Rule 56.1 Statement ¶ 1, ECF No. 103.[2] But regardless of the probative value of the statements that the defendants wish to seal, the fact remains that these depositions appear in exhibits submitted in connection with a motion for summary judgment. Thus, not only does a

---

[2] I also doubt the veracity of the defendants' assertion that the portions of the deposition transcripts at issue "appear to have been attached simply because the deposition questioning on this topic happened to be on the same printed page as another excerpt that was actually relied on and cited to by plaintiff[,]" Second Mot. to Seal 2–3, as entire pages of the Martins deposition, for example, are devoted solely to discussing his prior disciplinary history, *see* Martins Dep. Second Mot. to Seal Ex. D at 58–61, ECF No. 108-1.

strong common law presumption of access attach, but the stronger First Amendment presumption also attaches. *See Lugosch*, 435 F.3d at 126.

I do not find that any higher values necessitate sealing. In discussing the countervailing factors that purportedly outweigh the presumption of access, the defendants make the vague assertion that the testifying police officers have privacy interests at stake. *See* Second Mot. to Seal 3. In support of this assertion, they cite to a New York state law that deems police personnel records confidential. *See* N.Y. Civ. Rights Law § 50-a (McKinney 2019). The defendants then merely "submit that the fact that the State of New York recognizes that police officers have a significant privacy interest in their personnel records serves to indicate that there are higher values at stake that weigh in favor of the sealing [of] the testimony related to personnel records." Second Mot. to Seal 3. This bare assertion does not enable me to make "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126; *see United States v. Northrup*, No. 3:17-CR-159-7 (VLB), 2019 WL 6696231, at *2 (D. Conn. Dec. 5, 2019) ("While the Court acknowledges that [a police officer] might not want the information unsealed, the Government cites no authority establishing an officer's right to the privacy of internal investigations and police proceedings resulting in a finding of the officer's misconduct[.]"); *D.H. v. City of New York*, No. 16-CV-7698 (PKC) (KNF), 2017 WL 6887792, at *5–6 (S.D.N.Y. Nov. 28, 2017) (denying motion to seal when defendants did not explain with specificity how testimony about disciplinary history affected privacy interest); *Coleman v. Cty. of Suffolk*, 174 F. Supp. 3d 747, 758 (E.D.N.Y. 2016) (denying motion to seal summary judgment papers when party seeking seal did not explain why documents at issue were personnel records within § 50-a or discuss specific harms likely to arise from disclosure of particular materials).[3] Thus, I deny the defendants'

---

[3] I note that in *D.H.*, the City raised the same argument that it raised here—using virtually identical

motion to seal portions of deposition transcripts discussing police disciplinary history.

## II. The parties may redact the plaintiff's name from all filed documents.

Preliminarily, the parties do not appear to have ever moved in this court for permission for the plaintiff to proceed under a pseudonym. The City removed the plaintiff's complaint from state court, and its notice of removal referred to the plaintiff as "Anna Doe." Notice of Removal ¶ 1, ECF No. 1. The plaintiff has been proceeding under a pseudonymous last name ever since. Although neither party has raised the issue, I will briefly address why I find it proper for the plaintiff to continue to proceed as "Anna Doe."

The Second Circuit set forth the standard that governs "the use of pseudonyms in civil litigation" in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). There, the court held "that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* The court set forth a "non-exhaustive" list of ten factors to consider in conducting this balancing test:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the

---

language—and the U.S. District Court for the Southern District of New York was similarly unreceptive. *Compare* 2017 WL 6887792, at *6 ("The defendants concede that 'courts in this Circuit have declined to apply § 50-a in cases, like this one, brought under 42 U.S.C. § 1983,' but urge the Court to consider that 'the State of New York recognizes that police officers have a significant privacy interest in their personnel records.' However, the defendants failed to articulate any reason why, in the circumstance of this case, the defendants' interests in their disciplinary records should outweigh the strong presumption of public access to those documents."), *with* Second Mot. to Seal 3 ("While defendants recognize that courts in this Circuit have declined to apply § 50-a in cases like this one, brought under 42 U.S.C. § 1983, defendants respectfully submit that the fact that the State of New York recognizes that police officers have a significant privacy interest in their personnel records serves to indicate that there are higher values at stake that weigh in favor of the sealing [of] the testimony related to personnel records.").

likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (citations and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

Here, I find that the plaintiff's interest in anonymity outweighs the public interest in disclosure and any prejudice to the defendants.[4] First, the defendants will experience no prejudice from the plaintiff's anonymity, as defendants Markov and the City have themselves requested redaction of the plaintiff's true last name from their exhibits, and Hall and Martins have not objected. Second, the plaintiff has a strong interest in anonymity relative to the public's interest in disclosure of her last name. The instant litigation surely involves matters that are highly sensitive and of a personal nature; the plaintiff claims that two police officers handcuffed her, took her into custody in their police van, and repeatedly raped her as they drove around Brooklyn, and that afterwards, several additional officers bullied her as she sought treatment at a hospital. Further,

---

[4] I present the facts discussed herein more fully in my opinion on the defendants' motion for summary judgment.

identification of the plaintiff poses a risk of retaliatory physical or mental harm to her. The plaintiff claims to have already experienced retaliation: in the instant lawsuit she contends that, after she accused two police officers of raping her, Markov and several additional police officers mocked and bullied her in an attempt to prevent her from filing a complaint. While these particular officers might already know her true last name, members of the public at large—and, perhaps, other members of the NYPD—do not. Exposing the plaintiff's last name, therefore, risks exposing her to additional retaliation and harassment by additional actors. Further weighing in favor of anonymity are the facts that: the plaintiff is challenging the actions of the City and City actors, rather than private parties, *see EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); the plaintiff has proceeded anonymously throughout the instant litigation thus far, including, apparently, in state court in her initial filings, *see* V. Compl. 1, Notice of Removal Ex. A, ECF No. 1-2; and no alternative means to protect the plaintiff's anonymity are apparent.

Requiring the plaintiff to disclose her identity would not further the public interest. In fact, it is anonymizing the plaintiff that furthers the public interest, as "[c]ourts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes." *Doe v. Vassar Coll.*, No. 19-CV-09601 (NSR), 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019) (citing *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678(RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019)); *see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 109 n.4 (2d Cir. 2000) ("In light of New York Civil Rights Law § 50–b, which provides that the identities of the victims of sex offenses be kept confidential by the State, we refer to the victim of Lucidore's crime as 'MT.'"); N.Y. Civ. Rights Law § 50-b. Although I cannot find that the plaintiff is particularly vulnerable to the harms of disclosure or that the public has an atypically weak interest in knowing the plaintiff's identity

because the litigation involves purely legal issues, the plaintiff's strong interest in anonymity here nonetheless outweighs the public interest in disclosure. Thus, the plaintiff may continue to proceed as "Anna Doe."

It is only logical, then, that the parties may redact the plaintiff's name from any exhibits, papers, or other materials filed in connection with this case. *See Vassar Coll.*, 2019 WL 5963482, at *2 (granting plaintiff permission to proceed under pseudonym and parties leave to redact plaintiff's name from documentary evidence); *D.H.*, 2017 WL 6887792, at *8 (calling for redaction of plaintiffs' full names and other identifying information from motions, letter, and exhibits when *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, test was satisfied); *Scott v. Graham*, No. 16-CV-2372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016) (finding safeguarding identity of rape victim to be compelling reason to limit public access to judicial documents).

## CONCLUSION

For the foregoing reasons, the defendants' motion to file under seal the portions of the Martins, Markov, and Espey depositions that refer to their disciplinary histories is denied. To the extent that the parties have previously filed versions of these depositions with police disciplinary histories redacted in connection with the motion for summary judgment, the parties are instructed to file unredacted versions of those exhibits that comply with the instant decision.

The defendants' motion to redact the plaintiff's full name is granted. To the extent that the parties have previously filed documents with the plaintiff's full name redacted, her name is to remain redacted on those documents. Going forward, the parties are instructed to redact the plaintiff's full name, in compliance with the instant decision, from all documents filed in connection with this case.

Because the defendants' second motion to seal does not itself contain any information that I have granted leave to seal, *see* Second Mot. to Seal, ECF No. 108, the Clerk of Court is respectfully instructed to unseal it on the docket.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:          January 9, 2020
                Brooklyn, New York