*Patrick C. Carroll, Esq.*
Attorney & Counselor at Law
One Old Country Road, Suite 125
Carle Place, NY 11514
Ph. (516) 424-9102
Fx. (516) 342-5624

New York Eastern District Court
Chamber of the Hon D.J. Allyne Ross
225 Cadman Plaza
Brooklyn, NY 11201

April 22, 2020

Re:  18-cv-00670
Anna Does vs. Martins, Hall, et. Al.

Dear Judge Ross:

This office represents Defendants Hall and Martins in the above captioned matter. After numerous discussions and conferences among counsel to this case your undersigned submits this letter brief as to the two remaining jury charges in dispute between Hall, Martins and the Plaintiff. There are no disputes between Defendants Hall and Martins and the City of New York/Officer Markhov. To wit:

With respect to the battery charge: Plaintiff objects to the inclusion of the charge that the jury ought find for the Defendants in the event they determine that the Plaintiff offered and bribed Defendants Hall and Martins in connection with the complained of acts and accepted a benefit in exchange.

As stated by the Defendants in the joint pre-trial order: NYPJI 3.3 Battery Generally. Pages 14-15: "Consent, whether express, implied in fact or implied in law, is a complete defense, Van Wooren v. Cook App Div 88, 92, 75 NYS2d 362 (4th Dept 1947): Pillow v. Bushness, 4 How Pr 9 Barb 156 (NY Gen Term 1849).

Furthermore and beyond 'consent' as a 'stand-alone' defense: As per the joint pre-trial order Plaintiff declares and intends to use an un-redacted certified copy of Defendants Hall and Martins plea to bribery and official misconduct charges (for which they received felony probation as their only sentence). The Defendants proposed deviation from the standard PJI battery charge is to add additional language: ". . .or if you find that defendants Hall and Martins did not commit a battery because Plaintiff consented to these acts and did so voluntarily in order to obtain a benefit from Defendants and to influence Defendants' official acts as police officers, then you will find for the Defendants." Plaintiff has also set forth Defendants Hall and Martins as witnesses it will call and that they will testify as to the incident herein.

On this basis and on equitable grounds – it is respectfully submitted that Hall and Martins have the right to have the jury consider 'bribery' as a defense in connection with their defense. Plaintiff ought not profit from this type of 'bargain.'

With respect to the charging of the jury on a separate and distinct: "Sexual Assault" Claim:

Defendants object to the entire charge. There is no separate tort for 'sexual assault.' Plaintiff is attempting to create a separate and brand new tort for sexual assault based upon alleged violation of New York State Penal Law sections pertaining to rape and forcible touching as enumerate in the propose charge with the use of PJI 2:25. Upon information and belief, there has not been a single civil jury charged anywhere at any time with the tort of 'sexual assault' predicated on a defendant's violation of New York State Penal Laws under PJI 2:25.

With respect to utilization of any specific criminal penal law statute as a 'standard of care' to be utilized as a jury charge under PJI 2:25 – PJI 2:25 only applies to "**negligence** per se statutory violations" Cruz vs. City of New York 13 A.D.3d 354 First Department, December 21, 2004.

'Sexual Assault' can be nothing other than an intentional tort. PJI 2:25 (a negligence per se instruction) cannot provide a basis for use of New York felony Penal Code statutes, the alleged violation of which, making a foundational basis of another intentional tort.

With respect to case-law set forth at PJI 2:25 - each and every example that has been proffered thus far to your undersigned is in-opposite and inapplicable. There is nothing in the statutes or case-law which stands for the proposition that a 'negligence per se' jury instruction can be utilized in connection with an intentional tort. To use PJI 2:25 Plaintiff would have to argue that this matter concerns a 'negligent sexual assault.' It is black letter law in New York State that there is no such thing as a 'negligent assault.' The proposed charge is a drastic alteration of the common law unsupported by custom, usage or caselaw.

With respect to caselaw appended to PJI 2:25: Lopes v Rostad, 45 NY2d 617 regards a general non-delegable duty of a County to maintain its public highways in a reasonably safe condition in the context of an action for negligence and wrongful death when a worker was killed in an automobile accident while repairing a manhole; Vincent v Riggi & Sons, Inc., 30 NY2d 406, concerns physical injury to an underage minor injured using a rotary lawn mower in the court of his employment which was submitted to the jury therein on a negligence theory; Van Gaasbeck v Webatuck Central School Dist. No. 1, 21 NY2d 239, concerns an action for wrongful death against a school district for the negligence of a school bus driver violating the Vehicle and Traffic Law; The jury was given a 'negligence per se' instruction; Koenig v Patrick Const. Corporation, 298 NY 313 regards the strict liability provision of New York State Labor Law Section 240 in connection with a worksite ladder accident vis-à-vis contributory negligence; Pierce v International Harvester Co., 61 AD2d 255 concerns a commercial truck with faulty breaking systems causing injury to an operator in a one vehicle accident which again, raised contributory negligence. Cort v. Ash, 422 U.S. 66 held that a Shareholders' derivative suit under the Federal Election Campaign Act was not authorize or contemplated by the legislature when it was enacted. Reitmeister v. Reitmeister, 162 F.2d 691 goes back to year 1947 and Judge Learned Hand an concerns recording and publishing of telephone calls in alleged violation of the Federal

Communiations Act of 1934 within the confines of a New York County Surrogate's Court action where these calls were first 'published.'

There is no language in the statutes whereby a private cause of action is implied by virtue of the Penal statutes implied by Plaintiff. Should Plaintiff seek to proceed on the theory that Plaintiff was somehow incapable of consent and that was a class of persons intended to be protected: Exhibit 'C' of Defendant City's Trial Book at Pages 240-241 of the Plaintiff's 50-h transcript show plaintiff testifying she was forcibly raped, while handcuffed in the police vehicle, while verbally and emphatically saying 'No'. Plaintiff has never argued that she consented, or was otherwise incapable of giving consent hence she cannot fairly argue the interaction was a failure of ability to give valid consent or otherwise offer and/or accept a bribe.

Lastly, and conversely – had, Defendants Hall and Martins plead, or been found guilty in criminal court to any of the Penal Statutes now proffered by Plaintiff – the Plaintiff would now be arguing res judicata here against the Defendants in this civil action. She ought not now be able litigate on criminal statutes in this civil arena using criminal statutes requiring proof beyond a reasonable doubt as part of a 'bill of particulars' on an intentional tort.

Respectfully submitted.

Very Truly Yours,

Patrick C. Carroll, Esq