18-CV-670 (ARR) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNA DOE,

          Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE RICHARD HALL, DETECTIVE EDDIE MARTINS, and OFFICER GREG MARKOV,

          Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANTS' SUPPLEMENTAL MOTION *IN LIMINE***

**GEORGIA M. PESTANA**
*Acting Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bilal Haider, Esq.*
*Tel: (212) 356-3549*

# PRELIMARY STATEMENT

Defendants City of New York ("City") and Gregory Markov (collectively "City Defendants") respectfully submit this supplemental memorandum of law in support of their motion seeking *in limine* relief to preclude plaintiff from arguing, in furtherance of her *respondeat superior* claim against defendant City, that the rape committed by defendants Hall and Martins is a foreseeable harm of her alleged false arrest.

# ARGUMENT

### PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING THAT RAPE WAS A FORESEEABLE HARM OF HER ALLEGED FALSE ARREST.

As a result of this Court's August 9, 20018 Opinion & Order (Dkt. No. 60) ("8/09/18 Order") granting in part and denying in part City Defendants' motion to dismiss, plaintiff's only remaining claim against defendant City is a *respondeat superior* claim stemming from plaintiff's false arrest and false imprisonment against defendants Hall and Martins. (See 8/09/18 Order at p. 30; see also this Court's January 9, 2020 Opinion & Order denying City Defendants' motion for summary judgment (Dkt. No. 109) ("1/09/20 Order"). Notably, Your Honor dismissed plaintiff's *respondeat superior* claim for sexual assault against defendant City. (Id.)

As part of the potential damages for the surviving *respondeat* claim against the City for the alleged false arrest and false imprisonment and in an underhanded effort to seize upon the City's purported "deep pockets," Plaintiff now intends to argue that the alleged rape committed by defendants Hall and Martins was a foreseeable harm of plaintiff's alleged false arrest. However, this argument is not supported by case law, is at odds with Your Honor's reasoning in the 12(b)(6) motion decision, and thus should be precluded at trial.

The Second Circuit has held that, in § 1983 cases, the plaintiff is required to prove that the defendant's actions are the proximate cause of plaintiff's injuries. Loria v. Gorman, 306 F.3d 1271, 1287 (2d Cir. 2002). "Actions brought under § 1983 are similar to tort actions since they both serve to compensate victims, and '[a] § 1983 action, like its state tort analog[ues], employs the principle of proximate causation.'" Martin v. City of New York, 793 F. Supp. 2d 583, 586 (E.D.N.Y. 2011) (quoting Townes v. City of New York, 176 F.3d 138, 146 (2d Cir. 1999)). "The act of a third party may intervene between the [alleged improper conduct] of a defendant and the injury to the plaintiff. Criminal intervention will generally sever the causation between the defendant's [alleged improper conduct] and the plaintiff's injury. But proximate cause is not automatically removed by criminal intervening acts." In re Gouran Holdings, 165 B.R. 104, 107 (E.D.N.Y. 1994)(citing Kush v. City of Buffalo, 59 N.Y.2d 26, 33 (1983)). "Rather, the liability of the defendant 'turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's [alleged improper conduct].'" In re Gouran Holdings, 165 B.R. at 107 (quoting Derdiarian v. Felix Contracting Corp., 51 N.Y. 308, 315 (1980)). "When there is an intervening act or omission that is "extraordinary under the circumstances" and is "not foreseeable in the normal course of events" it may break the causal chain of events and remove liability from an earlier acting defendant." Martin, 793 F. Supp. 2d at 583 (citations omitted).

In Martin, the plaintiff argued that the defendant officer, who arrested him and thereafter initiated a prosecution against him for possessing a loaded gun, proximately caused the serious injuries he suffered during a subsequent inmate-on-inmate assault in a Rikers Island facility. See id. at 583. Judge Vitaliano rejected plaintiff's argument stating that "inmate-on-inmate assaults happen in prison is as foreseeable as accidents happening to people who drive cars on accident-prone highways. This sort of "foreseeability" does not equate to causality." Id. at 588.

2

Judge Vitaliano further stated that, even though there is an undisputed particular risk of inmate-on-inmate violence in prisons, there can be no liability attributed to the arresting officer absent notice of the specific risk to plaintiff Martin. Id. Finally, the Court concluded plaintiff's "ultimate injuries were not reasonably foreseeable consequences of his arrest because the 'injuries were different in kind than those which would have normally been expected' from the original wrongdoing." Martin, 793 F. Supp. 2d at 588 (citations omitted).

Here, unlike Martin, plaintiff Doe cannot claim that there is a particular risk of arrestees being raped by officers since this is not a common occurrence. Therefore, her proximate causation argument is even less persuasive than Martin's. Nor is there any evidence that defendant City was on notice of the risk that defendants Hall and Martins would rape plaintiff. Defendant Hall's and Martins' sexual assault of plaintiff was clearly extraordinary and not foreseeable in the normal course of events.

Indeed, sexual assault is not a likely consequence of arrest. See id. ("Prison assault is not a likely consequence of arrest.") As Your Honor reasoned in the 8/09/18 Order, the City cannot be held vicariously liable for the alleged sexual assault even though defendants Hall and Martins were on duty because sexual assault "is a clear departure from the scope of employment, having been committed for wholly personal motives." (See 8/09/18 Order at p. 11.) Therefore, even if the City can be found vicariously liable for plaintiff's alleged false arrest, defendant Hall's and Martins's clear departure from their duties as police officers cannot be a foreseeable harm attributed to the City because it would directly contradict Your Honor's 8/09/18 Order.

Furthermore, the City is not aware of any authority or case law that supports plaintiff's argument that sexual assault – let alone rape - is a foreseeable damage of a false arrest. The two cases that plaintiff cited to defendants in support of this position– Sanchez v. State, 99

NY2d. 247 (2002) and Fielden v. City of New York, et al., 2017 N.Y. Misc. LEXIS 4097 (NY County Supreme Oct 13, 2017) – do not support this argument. These two cases discuss foreseeability in the context of negligence claims brought against municipalities. However, as we have repeatedly reminded plaintiff's counsel, plaintiff's negligence claims against the City were already dismissed by Your Honor. (See 8/09/18 Order.)

Your Honor's decision leaves no room for interpretation about whether any damage from the sexual assault can be attributed to the City. Therefore, plaintiff should be precluded from making this argument at trial.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that the Court grant this motion *in limine*, and such other and further relief as the Court deems just and proper.[1]

Dated: New York, New York
       June 18, 2021

                                  GEORGIA M. PESTANA
                                  Acting Corporation Counsel of the
                                    City of New York
                                  *Attorney for City Defendants*
                                  100 Church Street, Room 3-235
                                  New York, New York 10007
                                  (212) 356-3549

                              By:   *Bilal Haider* /s
                                     Bilal Haider
                                     *Senior Counsel*

cc:    Michael N. David, Esq. (via ECF)
        *Attorney for Plaintiff*

        Patrick C. Carroll, Esq. (via ECF)
        *Attorney for Defendants Hall and Martins*

---

[1] City Defendants respectfully reserve their right to file supplemental motions *in limine*.