**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

ANNA DOE,

                      Plaintiff.

-against-

THE CITY OF NEW YORK, DETECTIVE
RICHARD HALL, DETECTIVE EDDIE
MARTINS, and OFFICER GREG MARKOV,

                      Defendants.

------------------------------------------------------------x

**PLAINTIFF'S OPPOSITION TO CITY DEFENDANTS' SUPPLEMENTAL MOTION *IN LIMINE***

18-CV-670 (ARR)(JO)

**MEMORANDUM OF LAW IN OPPOSITION TO CITY DEFENDANTS' SUPPLEMENTAL MOTION *IN LIMINE***

/s/ Michael N. David
MICHAEL N. DAVID (MND-5576)
*Attorney for Plaintiff*

14 Wall Street, 20th Floor
New York, New York 10005
Telephone: (212) 363-1997

## PRELIMINARY STATEMENT

Plaintiff submits this Response in Opposition to Defendants City of New York's ("City") and Gregory Markov's ("Markov") (collectively "City Defendants") Supplemental Motion *in Limine* filed on June 18, 2021 (Dkt. No. 139, the "Supplemental Motion"). As discussed below, the City Defendants' Supplemental Motion should be denied in its entirety.

The Court should deny City Defendants' request to preclude the Plaintiff from making the argument that the rape committed by defendants Hall and Martins is a foreseeable harm of her false arrest, given that there is no superseding event to insulate the City Defendants in the chain of events leading from the Plaintiff's false arrest to the rape. There is a direct causal chain between the Plaintiff's false arrest and the rape.

## LEGAL STANDARD

The standards governing motions *in limine* are well established. "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *See Fox v. Triborough Bridge & Tunnel Auth.*, No. 17CV4143NGGJO, 2019 WL 5842792 (E.D.N.Y. Nov. 7, 2019) ("*Fox*") citing *Gorbea v. Verizon N.Y., Inc.*, No. 11-CV-3758 (KAM), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014).

Further, "courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *See Fox* citing *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011). The court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *See Fox* citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

Further, "[i]ssues of proximate cause are normally questions of fact for the jury to decide, unless the court concludes that a reasonable jury could reach only one conclusion." *Packer v. Skid Roe, Inc.,* 938 F. Supp. 193, 196 (S.D.N.Y. 1996). In cases where there are

1

"independent intervening acts which operate upon but do not flow from the original negligence," issues of proximate cause may be decided on a summary judgment motion. *Martin v. City of New York*, 793 F. Supp. 2d 583, 586 (E.D.N.Y. 2011) *citing Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 170, 414 N.E.2d 666, 670 (1980). If the defendants cannot affirmatively demonstrate that a reasonable jury could reach only one conclusion as to proximate causation, these issues cannot be resolved on a motion. *See MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 199 F. Supp. 3d 818, 843 (S.D.N.Y. 2016).

## ARGUMENT

## PLAINTIFF SHOULD NOT BE PRECLUDED FROM ARGUING THAT RAPE WAS A FORESEEABLE HARM OF HER FALSE ARREST

Further to this Court's August 9, 2018 Opinion & Order (Dkt. No. 60), granting in part and denying in part City Defendants' motion to dismiss, City Defendants' have now moved to preclude Plaintiff's from arguing that rape is a foreseeable harm of her arrest at trial. The Court decided that sexual assault against the defendant City is not a viable cause of action. Plaintiff's position is that sexual assault is part of the damages that flow from a false arrest. That although the defendant City may not be liable for a sexual assault cause of action it can still be liable as part of the damages that flow from a false arrest. The City defendants did not provide any case exactly on point. The City Defendants did not provide any case where sexual assault is precluded as part of false arrest damages. City Defendants base their argument on the *Martin v. City of New York*, 793 F. Supp. 2d 583 ("*Martin*"). However, as demonstrated below, the reliance on *Martin* by the City Defendants is misplaced. Accordingly, Plaintiff should not be precluded from arguing that rape was a foreseeable harm of her false arrest.

2

The Defendants rely on *Martin* to state that ultimate injury to the Plaintiff was not reasonably foreseeable consequence of her arrest because the injuries suffered were different than what would have normally been expected from the original wrongdoing. In *Martin* the Plaintiff was seeking damages from a prison assault arising ultimately out of a false arrest.

Contrary to the Defendants' assertions, Judge Vitaliano in *Martin* denied Plaintiff's proximate cause claim because the "chain of events" leading from arrest to the ultimate injury was "a long one". In *Martin*, the Court held that the decision of the arraignment judge to set a $10,000 bail that the plaintiff was unable to post and caused him to be remanded, broke the causal chain to his assault injuries because the process of remand constituted an "intervening exercise of independent judgment."

Here, the chain of events was not a long one. Rape of the Plaintiff, the ultimate injury, was a direct consequence of the false arrest. There were no intervening exercises of independent judgment that broke the causal chain. Here the Plaintiff was raped by the arresting officers. In *Martin* the Plaintiff was assaulted by a fellow prisoner that had absolutely no nexus to the arresting officer.

Further, the Court in *Martin* held that, "[t]he law instructs that each point along [] chain constitutes a possible superseding event insulating a prior actor from liability."

Here, the only events in the chain are the false arrest of the Plaintiff and the ultimate harm, the rape. There is no other point along the chain of events which may be considered as a superseding event that insulates the City Defendants from liability. *See Diana v. Mabis*, No. 615CV964GLSATB, 2015 WL 10582198, at *5 (N.D.N.Y. Aug. 18, 2015), *report and recommendation adopted,* No. 615CV964GLSATB, 2016 WL 1337330 (N.D.N.Y. Apr. 5, 2016) (Defendant is legally liable for the harm if there is no intervening act that is a superseding cause that breaks the legal chain of proximate cause.)

3

Accordingly, the City Defendants' reliance on *Martin* is misplaced and not applicable to the current facts.

Here the Defendant City's ex detectives arrested the Plaintiff and did not arrest the two males who had accompanied her in the same vehicle. The Defendant City's ex male detectives handcuffed the plaintiff female teenager and drove off with her in the back of a tinted van. The Defendant City' ex detectives then raped here. Arguably under the dictates of *Martin* the rape was a foreseeable harm of her false arrest.

Based on the above, precluding the Plaintiff from arguing that rape was a foreseeable harm of her false arrest is not warranted at this stage of the litigation.

Accordingly, the sexual assault is a foreseeable damage of false arrest and ultimately a jury should make such determination .

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the City Defendants' Supplemental Motion in *Limine* in its entirety, and such other and further relief as the Court deems just and proper.

Dated: June 28, 2021

/S/   MICHAEL N. DAVID

MICHAEL N. DAVID (MND-5576)
*Attorney for Plaintiff*
14 Wall Street, 20th Floor
New York, New York 10005
Telephone: (212) 363-1997

4