UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anna Doe,<br><br>    Plaintiff,<br><br>— against —<br><br>The City of New York, Detective Richard Hall,<br>Detective Eddie Martins, and Police Officer Gregory<br>Markov,<br><br>    Defendants. | **18-cv-670 (ARR) (CLP)**<br><br><br>JURY CHARGE |

**PART I: GENERAL INSTRUCTIONS** ...................................................................... **2**

   **The Definition of Evidence** ........................................................................ **4**

   **Direct and Circumstantial Evidence** ....................................................... **4**

   **Witness Credibility** ................................................................................... **6**

   **[*If applicable:* Impeachment by Prior Inconsistent Statements]** ............ **7**

   **Law Enforcement Officer Witnesses** ....................................................... **8**

   **No Sympathy or Bias** ................................................................................ **8**

   **Burden of Proof – Preponderance of the Evidence** ................................. **9**

   **Multiple Defendants** ............................................................................... **10**

**PART II: SUBSTANTIVE LAW** ....................................................................... **10**

   **A. False Arrest** ......................................................................................... **11**

     1. Lawfulness of Plaintiff's Arrest ........................................................... 11

   **B. False Arrest Claim Against Defendant City of New York** .................. **15**

   **C. Assault** ................................................................................................. **16**

   **D. Battery** ................................................................................................. **17**

   **E. Section 1983** ......................................................................................... **18**

     1. First Element: Action Under Color of State Law ................................. 19

     2. Second Element: Deprivation of a Constitutional Right ...................... 20

     3. Third Element: Proximate Cause .......................................................... 21

**F. Damages**................................................................................................**22**

    1. Multiple Claims and Multiple Defendants ............................................ 23

    2. Compensatory Damages ....................................................................... 24

    3. Nominal Damages ................................................................................ 25

    4. Punitive Damages ................................................................................ 26

    5. Attorneys' Fees.................................................................................... 27

**PART III: CLOSING INSTRUCTIONS**.........................................................**27**

    **Foreperson** ................................................................................................**28**

    **Communication with the Court** ................................................................**28**

    **Requests for Trial Testimony**...................................................................**29**

    **Deliberations and Unanimous Verdict** ....................................................**29**

ROSS, United States District Judge:

Ladies and Gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of each side, it is my duty to instruct you as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case. I ask that you give me that same careful attention as I give you these final instructions.

My instructions to you will proceed in three parts:

<u>First</u>, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case such as this,

<u>Second</u>, I will instruct you as to the legal elements of plaintiff's claims, and

<u>Third</u>, I will give you some general rules regarding your deliberations.

## <u>PART I: GENERAL INSTRUCTIONS</u>

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any view of the law other than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction alone as stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions because they were asked by me.

3

**The Definition of Evidence**

You must determine the facts in this case based solely on the evidence presented or those inferences which can reasonably be drawn from the evidence. Evidence has been presented to you in the form of sworn testimony from the witnesses and exhibits that have been received in evidence by me.

[*If applicable:* Some evidence has been received for a limited purpose only, and when I have given you a limiting instruction as to such evidence, you must follow that instruction.]

There are certain things that are not evidence and are to be entirely disregarded by you in deciding what the facts are: arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard. Those are not evidence.

[*If applicable:* Some of the exhibits that have been admitted as evidence contain dark blocks indicating that information that had been on the document has been deleted. We call such a deletion from a document a redaction. All of these redactions have been done at the court's direction. You are not to consider what the redacted portions of the documents might have said or attach any significance at all to the redaction. Most importantly, you are not to draw any inference for or against any party from the fact that I have ordered that a document be redacted.]

**Direct and Circumstantial Evidence**

There are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no

distinction between the weight to be given to these two types of evidence. You must base your verdict on a reasonable assessment of ALL the evidence in the case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence would be as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without your ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors. That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

No significance should be attached to the fact that a document or other exhibit was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense

5

in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Plaintiff asks you to draw one. Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### Witness Credibility

In deciding the facts in this case, you must consider all of the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness's testimony. In making that decision, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial;

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

### [*If applicable:* Impeachment by Prior Inconsistent Statements]

[*If applicable:* You may have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with

his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.]

### Law Enforcement Officer Witnesses

In this case you have heard testimony of law enforcement officers. The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness. The fact that a witness is a law enforcement officer does not justify according that witness's testimony more or less credence than the testimony of any other person. You should evaluate the testimony of these witnesses in the same manner as you would the testimony of any other witness, using all of the tests of credibility that I have discussed with you.

### No Sympathy or Bias

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as

to any party. All parties are equal before the law and are entitled to the same fair consideration. The court expects that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### Burden of Proof – Preponderance of the Evidence

Unless I instruct you otherwise, in a civil action such as this, plaintiff, Anna Doe, has the burden of proving each of the essential elements of her claims by a preponderance of the evidence. If, as to any claim, the proof fails to establish any essential element by a preponderance of the evidence, you should find for the defendant on that claim.

To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by the party bearing the burden of proof is outweighed by evidence against that party, then you must decide that issue against the party bearing the burden of proof. That is because the party bearing the burden of proof must prove more than simply equality of evidence—that party must prove the elements at issue by a preponderance of the evidence. So long as you find that the scales tip, however slightly, in favor of the party bearing the burden of proof—that what that party claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

### Multiple Defendants

Although there are multiple defendants in this case, it does not follow that if one is liable, any other is liable as well. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other defendants.

## PART II: SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you as to the legal elements of the plaintiff's claims.

## A. **False Arrest**

Plaintiff also brings claims under New York state law against defendants Hall and Martins for false arrest, and against the City of New York for defendants Hall and Martins' conduct solely as it relates to the false arrest of plaintiff.

A person commits a false arrest if he or she intentionally and without the right to do so arrests or takes into custody another person who is aware of the arrest and does not consent to it. To prove false arrest, the plaintiff must show that: (1) the defendant intended to confine plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not lawful.

Plaintiff claims that defendants Hall and Martins arrested her without a lawful cause for confinement and caused her to sustain damages. The defendants agree that the plaintiff was conscious of her confinement, that plaintiff did not consent to her confinement, and that defendants Hall and Martins intended to confine her, but say that under the circumstances their arrest of her was lawful. Thus, the sole question for you to determine is whether defendants Hall and Martins have shown, by a preponderance of the evidence, that under the circumstances plaintiff's arrest was lawful.

### 1. **Lawfulness of Plaintiff's Arrest**

Defendants Hall and Martins, as police officers, had the right to arrest the plaintiff without a warrant if they had probable cause to believe both that a crime had been committed and that plaintiff had committed it. There is no dispute that plaintiff was in possession of drugs on September 16, 2017. However, defendants Hall and Martins would

11

still be liable for false arrest if they discovered the drugs after initially unlawfully stopping and seizing the plaintiff.

Plaintiff claims that the car she was driving was unlawfully stopped by defendants Hall and Martins. Defendants maintain that plaintiff's vehicle was already stopped when they came upon the car, or, alternatively, that there was reasonable suspicion for the stop. Here, it is important to note that defendants Hall and Martins have the burden of proving by a preponderance of the evidence that they had a reasonable suspicion that the plaintiff was committing a crime or traffic violation justifying the stop of her car. Reasonable suspicion is the particularized and objective basis for suspecting the particular person stopped was breaking the law. A reasonable suspicion is a suspicion based on specific and articulable facts. It is not an inchoate suspicion or a mere hunch. The reasonable suspicion standard is not high, but it requires facts sufficient to give rise to a reasonable belief that criminal activity may be afoot. Reasonable suspicion does not mean greater than fifty percent. Officials are not required to disprove alternative theories before making a stop.

Whether a stop is reasonable turns on whether the facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion that a crime, offense, or violation has occurred. In other words, you should not base your determination on whether defendant Hall or defendant Martins *subjectively* believed they had a reasonable suspicion, but whether an objectively reasonable police officer would have had reasonable suspicion under the circumstances.

The police may initiate a stop even if the traffic violation is a minor one. The determination that an officer had reasonable suspicion of unlawful activity must be based on a totality of the circumstances, including the time of day and location.

Defendants Hall and Martins contend that, at the time of the stop, they had a reasonable suspicion to stop Plaintiff because: (1) the windows of the vehicle plaintiff was driving appeared to Hall and Martins be illegally tinted in violation of the New York State Vehicle and Traffic Law § 375(12-a); (2) Hall and Martins believed plaintiff and her passengers were in an area of a park closed to the public in violation of the Rules of the City of New York§ 1-03(a); (3) Hall and Martins believed plaintiff and her passengers possessed illegal drugs in violation of New York State Penal Law § 220.03; and/or (4) Hall and Martins believed plaintiff and her passengers possessed marijuana in violation of New York State Penal Law § 221.10.

Under New York State Vehicle and Traffic Law § 375(12-a), no person shall operate a motor vehicle upon any public highway, road or street with side windows that on either side forward of or adjacent to the operator's seat are composed of, covered by or treated with any material which has a light transmittance of less than seventy percent.

Under the Rules of the City of New York § 1-03(a), persons may enter and use the parks from 6:00 a.m. until 1:00a.m. unless other open hours are posted at any park. However, no person shall remain in any park without the permission of the Commissioner when such park is closed to the public.

13

Under New York State Penal Law § 220.03, a person is guilty of criminal possession of a controlled substance in the seventh degree when she knowingly and unlawfully possesses a controlled substance.

Under New York State Penal Law § 221.10(1), a person is guilty of criminal possession of marijuana in the fifth degree when she knowingly and unlawfully possesses marijuana in a public place as defined by section 240.00 of the New York State Penal Law, and such marijuana is burning or open to public view. The same statute defines public place as: "a place to which the public or a substantial group of persons has access, and includes, but is not limited to highways, . . . [and] parks."

Plaintiff contends that defendants Hall and Martins had no reasonable suspicion to stop her because: (1) the vehicle's windows were not tinted; (2) the park was open; (3) there were no illegal drugs visible in the vehicle; and (4) there was no odor of marijuana present near the vehicle.

As I indicated, defendants bear the burden of proving that they had reasonable suspicion justifying the stop of plaintiff. If you find by a preponderance of the evidence that either defendant Hall or Martins had reasonable suspicion to believe that plaintiff had committed a crime, offense, or violation at the time they stopped her, then you must find for the defendants. You do not need to be unanimous as to which crime, offense, or violation for which you believe there was a reasonable suspicion to stop the plaintiff. If you find that neither defendant had reasonable suspicion to believe that plaintiff had committed a crime or a traffic infraction, then you must find for the plaintiff.

B.  **False Arrest Claim Against Defendant City of New York**

The plaintiff also seeks to recover damages from defendant the City of New York for false arrest. In order to do so, you must first find that defendants Hall and Martins falsely arrested the plaintiff.

Next, you must find that in falsely arresting the plaintiff, defendants Hall and Martins acted within the scope of their authority as police officers employed by the City of New York and that they acted in furtherance of the City of New York's business. An act is within the scope of an employee's authority if it is performed while the employee is engaged in the performance of his assigned duties or if the act is reasonably necessary to the employment. The employer need not have authorized the specific act in question.

Some of the factors you may consider in deciding whether defendants Hall and Martins were acting in furtherance of the City of New York's business and within the scope of its authority include: The connection between the time, place, and occasion for the defendants' acts; the history of the relationship between defendant the City of New York and defendants Hall and Martins as spelled out in actual practice; whether the act is one commonly done by an employee; the extent to which defendants Hall and Martins' actions were a departure from normal methods of performance; and whether the City of New York could have reasonably anticipated their actions. If you find that defendants Hall and Martins stopped the plaintiff for the purpose of committing assault or battery, I instruct you to find that they were acting outside the scope of their authority. In particular, if you find that defendants Hall and Martins were acting outside of the scope of their authority, I instruct you to find defendant City of New York not liable for false arrest.

15

## C. __Assault__

The plaintiff seeks to recover damages for assault from defendants Hall and Martins. An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.

The plaintiff claims that defendants Hall and Martins threatened her in order to cause her to expose herself, threatened to place handcuffs on her, threatened her to enter the police vehicle, threatened her to remove her clothes, threatened her to engage in sexual activity, and threatened her not to report it. Defendants Hall and Martins deny that they did so.

16

In order for plaintiff to establish her claim of assault against defendants Hall and Martins, she must prove four things by a preponderance of the evidence.

First, that defendants Hall and Martins threatened the plaintiff in order to cause her to expose herself, threatened to place handcuffs on her, threatened her to enter the police vehicle, threatened her to remove her clothes, threatened her to engage in sexual activity, or threatened her not to report it, and

Second, that the defendants intended by doing so to cause the plaintiff to become apprehensive that a harmful or offensive bodily contact was about to occur, and

Third, that the defendants had the real or apparent ability to carry out the threat, and

Fourth, that the plaintiff had such apprehension.

### D. **Battery**

The plaintiff seeks damages for battery against defendants Hall and Martins. A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from his act.

Intent involves the state of mind with which an act is done. The intent required for battery is intent to cause bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

Plaintiff claims that defendants Hall and Martins forcibly caused her to expose herself, placed handcuffs on her, pushed her into the police vehicle, removed her

clothes, and forced her to engage in sexual activity, causing her to sustain injuries.
Defendants Hall and Martins admit that they engaged in sexual activity with the plaintiff
but say that it was done consensually.

In order for plaintiff to establish her claim of battery against defendants Hall and
Martins, she must prove two things by a preponderance of the evidence.

First, that defendants Hall and Martins intentionally forcibly caused plaintiff to
expose herself, or placed handcuffs on her, or pushed her into the police vehicle, or
removed her clothes, or forced her to engage in sexual activity, and

Second, that this contact was offensive.

As I indicated, defendants Hall and Martins admit that they engaged in sexual
activity with the plaintiff, but claim that the plaintiff consented to these acts and therefore
they are not liable. If you find that the plaintiff consented to these acts, I instruct you to
find for defendants Hall and Martins on this claim.

**E.  Section 1983**

Plaintiff brings this claim under a federal statute known as Section 1983 of Title 42
of the United States Code.

Section 1983 creates a federal remedy for persons who have been deprived by state
officials (or any person acting under color of state law) of rights, privileges, and
immunities secured by the United States Constitution and federal statutes. In this case,
plaintiff claims that defendant Markov retaliated against her in violation of her First
Amendment rights. In order to prove a claim under Section 1983, plaintiff must establish,
by a preponderance of the evidence, each essential element of her § 1983 claim. If you

find that any of the essential elements of plaintiff's § 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant on this claim.

To establish a claim under § 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law,

Second, that the defendant's conduct deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States, and

Third, that the defendant's conduct was the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I will now explain these elements in more detail.

## 1.  First Element: Action Under Color of State Law

The first element of plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law.

Action "under color of state law" means that the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a city or city agency.

Whether defendant Markov committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. If you find that defendant Markov did commit those acts, however, I instruct you that, since the defendant purported to be taking those acts in

his capacity as an official of the state of New York at the time of the acts in question, he was acting under color of state law.

### 2.  Second Element: Deprivation of a Constitutional Right

The second element of plaintiff's claim against defendant Markov is that he deprived her of a Constitutional right. In order for plaintiff to establish this element under Section 1983, she must prove three things by a preponderance of the evidence.

First, that the defendant committed or was personally involved in the acts alleged by the plaintiff,

Second, that those acts, as alleged by plaintiff, caused the plaintiff to suffer the loss of a right protected by the United States Constitution, and

Third, that the defendant acted intentionally or recklessly when performing those acts.

With regard to intent, it is not necessary to find that the defendant had any specific intent to deprive plaintiff of her Constitutional rights in order to find in favor of the plaintiff. The plaintiff need only prove that defendant Markov intended the actions which resulted in the violation of the plaintiff's rights or that he acted recklessly in that regard. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

In this case, plaintiff has brought a First Amendment retaliation claim against Police Officer Gregory Markov. Specifically, plaintiff claims that defendant Markov

retaliated against her for exercising her First Amendment rights. I will now explain this claim in more detail.

In order to establish a claim for First Amendment retaliation, plaintiff must show that (1) she has an interest protected by the First Amendment; (2) that the defendant's actions were motivated or substantially caused by plaintiff's exercise of that right; and (3) that the defendant's actions caused plaintiff some concrete harm.

As to the first requirement, the parties agree that plaintiff's statements to police officers are speech protected by the First Amendment.

As to the second requirement, you must determine whether plaintiff's statements regarding her allegations of rape against defendants Hall and Martins were a motivating factor or substantial cause of Markov's decision to make his statements to the plaintiff. In determining whether plaintiff's statements were a motivating factor or substantial cause of Markov's decision to make his statements to the plaintiff, you may consider circumstantial evidence.

The third requirement for plaintiff's First Amendment retaliation claim will be met if plaintiff proves by a preponderance of the evidence that her speech was adversely affected by defendant Markov or that she suffered some other concrete harm. To show that she suffered concrete harm, plaintiff must prove by a preponderance of the evidence an actual injury. Although detailed evidence of emotional distress or significant pain and suffering establish a concrete harm, hurt feelings or a bruised ego are insufficient to do so.

### 3. Third Element: Proximate Cause

Earlier I told you that the first element of the plaintiff's Section 1983 claim is action under color of state law, and that the second element the plaintiff must prove is deprivation of a Constitutional right. The third element that the plaintiff must prove to establish a claim under Section 1983 is that the defendant's acts were a proximate cause of injuries sustained by the plaintiff. "Proximate cause" means that there must be a sufficient causal connection between the act of a defendant and any injury or damage sustained by the plaintiff. Plaintiff must also prove proximate cause in support of her state law claims for false arrest, assault, and battery, and this definition of proximate cause applies to those claims, as well.

An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act. If an injury was a direct result of or a reasonably probable consequence of the defendant's act, it was proximately caused by such act. In other words, if the defendant's act had an effect in producing the injury that reasonable persons would regard as being a cause of the injury, then the act is a proximate cause.

There may be more than one proximate cause of an injury or damage.

**F.  Damages**

Now I will instruct you as to the proper measure of damages.  The fact that I am giving you instructions on damages is not an indication of my view as to which party you should find for in the case; nor does it mean that I have any opinion as to liability one way or the other. I am giving you instructions as to the measure of damages only for your

guidance in the event that you find in favor of plaintiff in accordance with the other instructions I have given you.

Thus, if you find that the plaintiff has satisfied her burden of proving the elements of any of her claims by a preponderance of the evidence, then it is your role to determine an amount that compensates the plaintiff for any injuries she suffered related to those claims. The damages that you award must be fair compensation, no more and no less.

In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You may not award damages based on sympathy or speculation. On the other hand, the law does not require that the plaintiff prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

### 1.  Multiple Claims and Multiple Defendants

You should not award compensatory damages more than once for the same injury. For example, if plaintiff was to prevail on two claims and establish a one dollar injury, you could not award her one dollar compensatory damages on each claim—she is only entitled to be made whole again, not to recover more than she lost. Of course, if different injuries are attributed to the separate claims, then you must compensate her fully for all of the injuries. Because this case involves multiple defendants, you must also be careful to

award damages <u>only against the defendant or defendants that plaintiff has proved are</u> <u>liable</u> for that injury.

Nevertheless, you might find that defendants Hall and Martins are liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find jointly and severally liable. With respect to punitive damages, on which I will instruct you momentarily, you may make separate awards on each claim established.

If you find that the plaintiff has met her burden of proving a claim by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages. I will now explain each of these three types of damages to you.

## 2. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from defendants' violation of plaintiff's rights. These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate her for the damages she suffered. Compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the loss of liberty that she suffered because of a defendant's conduct. Compensatory damages also includes damages for actual physical injuries and for mental anguish, shame, and humiliation.

If you find that the plaintiff has proven any of her claims by a preponderance of the evidence, then the plaintiff is entitled to an amount you believe will fairly and justly compensate her for any injury you believe she actually suffered as a result of defendants' misconduct. You should not award compensatory damages for speculative injuries. You should award compensatory damages only for those injuries that plaintiff has actually suffered resulting from claims for which you find one or more defendants to be liable.

If you find that plaintiff has proven by a preponderance of the evidence that she was falsely arrested, plaintiff is entitled to compensatory damages for her loss of liberty. You are not permitted to award zero compensatory damages for loss of liberty to the plaintiff—the deprivation of liberty inherent in this claim entitles her to some amount of compensation. It is your role to determine the amount. The damages that you award must be fair and reasonable, neither inadequate nor excessive.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

### 3. Nominal Damages

If you return a verdict for plaintiff on her First Amendment retaliation claim, but find that she failed to meet her burden of proving, by a preponderance of the credible evidence, that she suffered any actual injury as a result of the Constitutional violation, then you must return an award of damages in some nominal amount, not to exceed the sum of one dollar. Nominal damages are the law's way of recognizing that Constitutional rights must be scrupulously observed, even when Constitutional violations have not been

shown to have caused actual injury. However, you should not award nominal damages simply because you find it difficult to calculate an appropriate amount of compensatory damages.

### 4. Punitive Damages

Plaintiff also seeks punitive damages against defendants Hall and Martins. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award plaintiff punitive damages if you find that plaintiff has proven by a preponderance of the evidence that defendant's acts were done maliciously or wantonly. An act is done maliciously if it is prompted by ill will or spite toward the injured person. An act is done wantonly if it is done with a reckless or callous disregard for the rights of the injured person or when it demonstrates conscious indifference and utter disregard for the effect that act has upon the health, safety, and rights of another.

It is the plaintiff's burden to prove, by a preponderance of the evidence, that the defendant you are considering acted maliciously or wantonly. If you find that plaintiff has met this burden, then you may decide to award punitive damages, or you may decide not to award them. In making this determination, you should consider the underlying purposes of punitive damages, which, as I have said, is to punish the defendant you are considering for outrageous conduct or to deter others from behaving similarly in the future, and whether compensatory damages alone provide the requisite punishment or deterrent effect.

If you decide to award punitive damages, you should keep the same purposes in mind as you determine the appropriate sum to be awarded. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by the plaintiff and to the compensatory damages you have determined to be appropriate. The reprehensibility of the defendant or defendants' conduct is an important factor in deciding the amount of punitive damages.

If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purposes of punitive damages. You may impose punitive damages against one or more defendant, or against more than one defendant in different amounts.

### 5. Attorneys' Fees

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case. The award of attorneys' fees in such circumstances is a matter to be determined by the Court. Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay her attorneys.

## PART III: CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence. In a few minutes you will retire to the jury

room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

**<u>Foreperson</u>**

Traditionally, juror number one acts foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

**<u>Communication with the Court</u>**

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

**<u>Requests for Trial Testimony</u>**

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see some or all of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or to see the trial transcript regarding any matter, I will call you into court and have the court reporter read those portions of the testimony to you or send responsive portions of the trial transcript into the jury room. You can have any of the testimony read back to you or made available to you in transcript form. I suggest, however, that you be specific in your requests so as to avoid hearing testimony or receiving portions of the trial transcript that you do not need to assist you in your deliberations.

**<u>Deliberations and Unanimous Verdict</u>**

During your deliberations, you must not communicate with, or provide any information to, anyone except yourselves about this case. You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, BlackBerry, or computer to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict, nor may you use the Internet or any Internet service or any text or instant message service, or website such as Facebook, LinkedIn, YouTube, or Twitter for those purposes. In short, do not try to find any information about this case from any source outside what has been presented here at trial until I have accepted your verdict. To do otherwise would violate your oath as a juror.

Your duty is to reach a fair conclusion from the law and the evidence. It is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors. You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the court should you give a numerical count of where the jury stands in deliberations.

To assist you in reaching a verdict, I have prepared a verdict form for your use. Although I will provide each of you with a copy of the verdict form, your unanimous verdict must be recorded on the foreperson's verdict form. The verdict form contains a series of questions pertaining to this case. You will be guided by instructions on the verdict form to skip certain questions, depending on your answers to prior questions.

Please be sure to carefully read and follow the instructions after each question on the verdict form.

I will also provide each of you with a copy of these instructions. Please remember that you must follow these instructions as a whole, and you should not rely on any one portion in disregard of the remaining portions.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.