

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

HANNAH V. FADDIS
*Senior Counsel*
Phone: (212) 356-2486
Fax: (212) 356-1148
hfaddis@law.nyc.gov

August 29, 2022

**BY ECF**
Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    <u>Anna Doe v. City of New York, et al.</u>
               18-cv-670 (ARR) (CLP)

Your Honor:

       I am one of the attorneys assigned to the defense of the above-referenced matter on behalf of the City of New York (the "City") and Gregory Markov (together, the "City Defendants"). The City Defendants write in response to the Court's Order dated August 26, 2022 regarding the submission of proposed special interrogatories for defendant Markov on the issue of qualified immunity.

       The Court has asked the City Defendants to propose more fact-specific special interrogatories to determine what statements were made and whether Officer Markov had a reasonable belief that making the statements was proper. The City Defendants respectfully submit that it is proper—and would achieve the Court's goal—to ask only whether Officer Markov reasonably believed his conduct was proper.

       With regard to the City Defendants' first set of proposed special interrogatories, defendants note that the more generalized approach taken therein attempted to avert several issues that could arise with fact-specific interrogatories. First, more general interrogatories may be appropriate where there are disputed facts as to the defendant's conduct like here. The plaintiff has previously alleged that Officer Markov made a number of statements which she believed were intended to discourage her from reporting her alleged assault. The jury could rely on some or all of any party or witness's testimony in reaching the conclusion that Officer Markov's statements to the plaintiff were retaliatory. The jury could credit some, all, or none, of these allegations, but still return a verdict for the plaintiff. Alternatively, the jury could believe that Officer Markov behaved in a manner not specifically described by either party, but reasonably supported by the evidence, which

they might find retaliatory. Thus, asking a more generalized question of the jury avoids the risk that a fact-specific questionnaire might inadvertently fail to identify the specific factual scenario which the jury accepted, and thus obstruct an evaluation of qualified immunity. Second, the more generalized approach avoids the danger of looking behind the jury's verdict and thought process which defendants are trying to avoid. See U.S. v. Powell, 469 U.S. 57, 67 (1984) (citing McDonald v. Pless, 238 U.S. 264 (1915)); see also Fed. R. Evid. 606(b)(As a general rule, litigants must accept the jury's collective judgment, and should not inquire into a jury's thought process).

Nonetheless, in the event the Court deems it appropriate to ask more fact-specific questions—to have the jury identify precisely which statements they believe were made by Officer Markov—the City Defendants respectfully submit that such interrogatories cannot be appropriately crafted until after the plaintiff's presentation of evidence. That is because, until the plaintiff and her witnesses have testified, the City Defendants cannot know what specific questions of fact to put to the jury. Accordingly, the City Defendants respectfully request leave to submit revised special interrogatories following the close of plaintiff's case-in-chief.

The City Defendants thank the Court for its consideration.

Respectfully submitted,

/s/

Hannah V. Faddis
*Senior Counsel*

cc:    VIA ECF
       *All Counsel of Record*

- 2 -